## The State v. Perry Gore.                       · 15   79|
                                                    45  841|

The Acts of the 6th of March, 1819, and the 14th of March, 1855, do not relate to the same subject-matter, there being no provision of law in the latter relative to stealing, inveigling, or carrying away slaves. The larceny punished by the 26th section of this statute is the common law offence, of feloniously taking and carrying away the personal goods of another. Slaves are not classed under our law as goods or personal chattels. The former Act is not, therefore, repealed by the latter.

The declaration of an attorney, that a certain person is not a witness, will not prevent him from afterwards putting such person on the stand to testify.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *H. Fergus Kernan*, District Attorney, for appellee. *L. M. Roberts*, *S. E. Hunter* and *W. I. Hamilton*, for appellant.

MERRICK, C. J. The accused was convicted of stealing a slave and sentenced to five years imprisonment in the penitentiary. The information charges him with having committed the offence on the 25th day of January, 1859.

His counsel urges, on the appeal to this court, that the Act of 6th of March, 1819, on which this prosecution is based, was repealed by the Act of 14th March, 1855. See Bullard & Curry, p. 265, sec. 3 ; and Acts of 1855, pp. 130, 150.

The statute "relative to slaves and free colored persons," approved March 15th, 1855, had a provision similar to the Act of 1819. See p. 382, sec. 31.

The former Act, to wit, the " Act relative to slaves and free colored persons," was declared unconstitutional in the case of *The State* v. *Harrison*, a slave. 11 An. 722.

It is now urged, that the repealing clause of the Act " *relative to crimes and offences,*" approved 14th of March, 1855, has repealed the Act of 1819, because the latter is on the same subject-matter.

The question has been considered by us in several decisions, and it has been held, that in order to ascertain what is the subject-matter of the Act, we are not only to consider the title, but the body of the Act itself, viz, the subject-matter of the different sections and provisions of the Act.

Applying this test to the Acts in question, we find no provision of law in the Act of the 14th of March, 1855, on the subject of stealing, inveigling, or carrying away slaves. Larceny, punished by the 26th section of the latter statute, is evidently the common law offence of feloniously taking and carrying away any personal goods of another. Slaves are not classed under our law as goods or personal chattels. The Act of 1819, was not, therefore, repealed by the Act of 14th of March, 1855. See *Holmes* v. *Wiltz*, 11 An. 442; *State* v. *White & Ward*, 13 An. 573 ; *State* v. *Adams*, 14 An. 620 ; and *State* v. *Marian Fuller*, 14 An. 667.

The record also contains a bill of exception to the ruling of the District Judge in permitting a witness by the name of *Bacheler*, to testify.

It appears by the bill of exceptions, that whilst the jury were being empannelled, the District Attorney stated, more than once, that *Bacheler* was not a witness ; that a juror (whether on the jury or rejected, the bill does not inform us,) stated that he had formed an opinion from a conversation with *Bacheler*, and the District Attorney informed him that *Bacheler* was not a witness. Afterwards, the District Attorney, having learned that he could prove a fact by *Bacheler*,

STATE
v.
GORE.

placed him upon the stand as a witness, and examined him as such. The defendant objected, and took his bill of exception.

The District Judge informs us in the bill, that when the objection to the testimony was taken, no objection was made to any juror on the panel, nor was it asserted that any one of them had formed an opinion from a conversation with *Bacheler*.

It is unnecessary to consider, whether the formation of an opinion by a juror, from a conversation with an eye witness who was not summoned as a witness in the cause, would render such *juror* incompetent; for the bill of exception does not raise the question, and it can only be considered with reference to the competency of the *witness*.

The declaration of the District Attorney, that *Bacheler* was not a witness, did not render him incompetent. Had the declaration operated a surprise to the opposite party, it might, perhaps on a proper showing, have been made the ground of a continuance or a new trial. But it is not pretended that the statement had such effect.

The defendant, then, was not in a more favorable position towards the witness than where the witnesses are ordered by the Judge, to be kept and examined separate and apart from each other. In such case, it seems, if a witness remain in court in violation of the order, it is in the discretion of the Judge whether or not he shall be examined. See 1 Greenleaf on Evidence, sec. 432 and notes.

We do not perceive that the District Judge violated any rule of law in permitting the witness to testify.

The record contains another bill of exception which has not been urged in this court, and which would have been equally unavailing.

Judgment affirmed.