The opinion of the court was delivered by
Nicholls, O. J.
The defendant was indicted for the murder of Thomas Lyall at the September term, in 1892, of the District Court for Lafourche. He was tried, found guilty of manslaughter and sentenced to the penitentiary for one year.
He appealed to this court. On appeal the verdict of the jury and the judgment of the court thereon were set aside and the ease remanded. State vs. West, ante, page 15.
He was tried a second time and again sentenced to hard labor in the State penitentiary at Baton Rouge for the term of one year.
Prom this judgment he has appealed, relying upon objections urged in three bills of exception, a motion in arrest of judgment and an assignment of error. The first two bills cover the same ground, and are to the refusal of the district judge to allow certain testimony to be taken, the object of which the bills declare was to show that one James Baptiste had been suspected of killing Thomas Lyall; that he had been arrested upon a warrant issued on an affidavit made against him; that he had resisted arrest, saying he would not be arrested and sent to the penitentiary for the said killing, and other things admitting the killing; that in resisting arrest the said Baptiste was shot and afterward died from the wounds so received and that it was only after the death of the said Baptiste that the defendant West was arrested for the murder of said Lyall. The objection *930 urged, by the State and sustained by the court to the introduction of this testimony was that it was irrelevant and hearsay.
Testimony of this character was by this court declared to be inadmissible when the case was first before us, as being hearsay. Defendant on the last trial offered it as rem ipsam. In his brief it is said: “The object of it was not to prove the truth of the statements made by Baptiste, but to prove the fact of his having made them to show the jury his belief and opinion as to the party who fired the shot that killed Lyall, and consequently to raise and substantiate any doubts in their minds as to the guilt of the defendant.”
We think the ruling of the court was correct. The testimony was irrelevant.
In Welsh vs. State, an Alabama case reported in 11 Southern Reporter, p. 451, the court said: “ The proposed testimony of the witness, Warren Lancaster, to the effect or which would have tended to show that one Lee Lancaster had admitted or confessed to the witness that he (Lee Lancaster) killed Will Welsh, for whose murder defendant was being tried, was the merest hearsay, wholly irrelevant and incompetent, and the court properly excluded it from the jury. 3 Brick Dig., p. ‘¿87, Sec. 592; State vs. Duncan, 6 Ired. 236; State vs. Haynes, 71 N. C. 79.
In People vs. Hall (Cal.), 30 Pacific, 7, defendant and one Kings-bury were arrested for an alleged burglary at the same time and place and by the same persons, and while under arrest they attempted to escape and were fired upon by their captors.
A physician was sent for to treat their wounds and Kingsbury died from the effects of- his wounds before any complaint was filed against either of the parties. In his own behalf defendant offered to prove that Kingsbury’s wounds were necessarily fatal, and that he so informed him at the time; that Kingsbury admitted to the physician that he fully realized he was mortally wounded, was on the point of death and had given up all hope of getting well.
That he was conscious of death, and that thus having a sense of impending death and without hope of reward he made a full, free and complete confession to said physician in relation to this alleged crime, stating that he himself had planned the entire scheme, and that Hall had nothing to do with it and was not connected with the guilt and was in all respects innocent of any criminal act or intent in the matter.
*931 This evidence was objected to and excluded. Reciting these facts the Supreme Court said: “The rule is settled beyond controversy
that in a prosecution for crime the declaration of another person that he committed the crime is not admissible. Proof of such declaration is mere hearsay evidence and is always excluded whether the person making them be dead or not.” Citing Wharton Orim. Ev. (9th Ed.), Sec. 225; Greenfield vs. People, 85 N. Y. 75; Snow vs. State, 58 Ala. 372; Lyon vs. State, 22 Ga. 400; Kelly vs. State, 82 Ga. 444; 9 S. E. 171.
Stephen in his Digest of the Law of Evidence, Art. 22, refers to Gray’s Case, Irish Circuit Reports, page 76, as sustaining the same position, and that such evidence was irrelevant.
The third bill is to the action of the court in overruling a motion for a new trial made by the defendant — on the ground “ that the verdict of the jury was contrary to the law and the evidence, and that it was rendered in opposition to the law in such cases made and provided, and in opposition to the charge as to the law laid down by the judge, and that a continuance applied for by the district attorney and granted by the court was unadvisably and illegally granted for certain reasons.
“ The statement of the court appended to this bill is that the new trial was refused because it was of opinion that there was no error in the order granting the continuance, and because even if there had been error no exception was taken at the time to the ruling of the court, but on the contrary the accused, through his counsel, consented to go to trial and did go to trial under an agreement to use the testimony of the absent witnesses of the State taken before the committing magistrate in the presence of the accused. The court considered that the verdict of the jury was responsive to the charge of the court — the court having distinctly instructed them that the accused was on his trial and could only be tried for manslaughter— that that was the only charge against him and that the only verdict they could find against him was one of guilty or not guilty as the case might be.”
Where, during the progress of a trial under the rules of practice, objections are to be raised and bills of exception reserved as occurrences take place by which a party conceives himself to be aggrieved, and he fails to make such objections and reserve such bills, he can not after verdict for the first time raise such objections and through *932 bills of exception then taken hold the position which he would have done originally — the lost ground can not be regained.
The record bears the court out in its statements — and his ruling was correct. Defendant moved to arrest the judgment for the reason that the verdict is illegal on the face of the record and is in nowise responsive to the matters at issue herein, in that the verdict is written upon an indictment for murder and finds respondent “ guilty at the mercy of the court,” When in truth and in fact your respondent was simply on trial on a charge of manslaughter, he having been hitherto acquitted of the charge of murder found and contained in the indictment found against him and on which the present verdict is written. The court overruled this motion and sentenced defendant to one year’s imprisonment, as has been seated.
Defendant says of this motion, “ it is based on the ground that the verdict of guilty, with the mercy of the court, is the verdict found against the accused on the last trial and that this verdict is written upon an indictment for murder, thus appearing to convict the accused unqualifiedly of murder, when, in point of fact, having been once tried under the same indictment and found guilty of manslaughter, he could only have been tried for and found guilty of manslaughter.”
“True it is that the judge charged the jury that they could find him guilty of only manslaughter, and true it is that some days previous to the trial there is an entry upon the min.utes in which it is stated the accused would be tried only for the crime of manslaughter. But the jury in this case had no reason to know of such entry, andlooking at the verdict as it is written it is evident that the jury were heedless of the charge of the judge.”
We do not understand defendant’s counsel to claim that, when this case was remanded by us to the lower court for a new trial, it was necessary for the State to frame a new indictment for manslaughter against the defendant, and arraign and try him upon that indictment. We understand him to recognize that he was properly tried under the original indictment and arraignment, and that the effect of the first verdict was at most to entitle him under the indictment for murder to be tried for manslaughter, and to only contend that when the jury returned into court with a verdict it should have been specifically “ guilty of manslaughter,” and not “ guilty," which he claims is .the verdict under the indictment for murder.
*933 On the 8th of March, 1893, we find the following minute entry:
“ State op Louisiana vs. “Arthur West. Indictment for Murder.
“ The accused, Arthur West, being present in court, and representedby his counsel, Beattie & Beattie, Esqs.
“ On motion of the district attorney and by consent the court ordered that the trial of this cause be fixed for Monday, March 13, 1893.
“ The district attorney stating in open court that he would try the accused on the original indictment for murder, but only on the charge of manslaughter.”
In opening his charge the district judge used this language:
“ The accused is on trialfor the manslaughter of Thomas Lyall. An inspection of the indictment shows that he was originally charged with murder, but on a former trial he was acquitted of that crime, and he is now only charged with manslaughter, and can only be tried for that crime.”
Having made this statement he, throughout the whole of the balance of the charge, confined himself to instructing them on the law of manslaughter.
Defendant’s counsel concedes that he was on trial for manslaughter; the district attorney at no time took position otherwise; the district judge in his charge so advised the jury, and in his sentence has acted on that fact as unquestionable. The jury was thoroughly informed of the issue it had to pass on, and its verdict can not reasonably be held to apply to any other than that submitted to it. No one but the defendant himself insists that he was convicted of murder. He can not successfully take such a position to set aside the verdict. There is no significance in the fact that the verdict was written upon the indictment. No one could misunderstand its purport.
It could have been returned 'orally and in the same words — its meaning was not changed from what it would have been had it-been so rendered.
Defendant assigns as error “that during the trial of the motion for a new trial, wherein testimony was adduced for and against him, he was not in court but was confined in the parish prison, and was thus refused the privilege of„being confronted with the witnesses, in violation of Art. 8 of the Constitution ot the State; and further, that *934 upon the trial of the motion in arrest of judgment he was not present in court, but was confined in the parish prison.”
The record shows that testimony on behalf of the defendant was-taken on the motion for a new trial, but no witnesses for the State-appear to have been placed on the stand.
We do not think that any constitutional provision was violated by defendant’s absence at that time.
This court has on several occasions declared that the presence of the accused on the occasion of trials of motions for a new trial and' in arrest of judgment was not essential.
Defendant finds in the fact that' on the trial in this case of the motion for a new trial testimony was taken, a reason for making a distinction between it and the cases cited. It is true that there maybe instances where the attorney of an accused might desire the presence of his client, but such cases happening it would be a very simple matter for him to make a suggestion to that effect to the court.. A request to have the defendant brought into court would certainly not be denied.
In State vs. Simien, 36 An. 924, where the accused claimed he-was entitled to be present on the trial of a motion on his behalf fora continuance, at which ir was asserted testimony was taken, the court said: “ The transcript fails to show that any testimony was taken on the day mentioned on an application for an attachment for a witness. Even had it been shown — and the prisoner was absent at the time — it was a proceeding of that character that his presence thereat was not essential; ” citing State vs. Clark, 32 An. 538, and State vs. Somnier, 33 An. 237.
We see nothing in the record which would go to show that the-prisoner was refused the privilege of being present. Had he asked to be present there is no ground for assuming he would have been met with a refusal.
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby Affirmed.