No. 14,005.

STATE OF LOUISIANA VS. HUBERT BAPTISTE.

SYLLABUS.

1. In a case where the plea of self-defense has been set up and' where the court has charged the law of self-defense, the following charge, namely : "When an injury intended against one person mortally affects another, as when a blow aimed at one person lights upon another and kills him, the enquiry will be whether, if the blow had killed the person against whom it was aimed, the offense would have been murder or manslaughter. If 'A,' having malice against 'B,' strikes at and misses him, but kills 'C,' this is murder in 'A' ; but if the blow had been without malice and under such circumstances that if 'B' had died, it would be manslaughter. If a man, out of malice to 'A,' shoot at him, but miss him and kill 'B,' it is not less a murder than if he had killed the person intended"—is incomplete and incorrect, without the qualification to show that if "A," in shooting at "B," was acting in' self-defense, then that the killing of "C" would be equally in self-defense.

2. The ex parte affidavit of the accused to a motion to quash the venire is not evidence to prove the facts on which the motion is based.

3. The allegation that the venire list of 300 names does not contain the name of a single colored man, although one-fourth of the population of the parish are negroes, while pregnant with the affirmation that the jury commissioners, in making up the venire list, discriminated against the negroes, yet is not a substantive allegation of that fact. However improbable it may be that the general venire list of 300 names should not contain the name of at least one colored man, if the jury commissioners had made their selection without discrimination, considering that one-fourth of the population are negroes, yet such a thing is not impossible, and the presumption is that the jury commissioners did their duty.

4. The legal presumption arising from flight is more in the nature of an inference of fact, flight being but a circumstance in the case, to be considered by the jury, in connection with the other facts, in determining the probabilities in favor of or against the guilt of the prisoner.

APPEAL from the Eighteenth Judicial District, Parish of Acadia—DeBaillon, J.

Walter Guion, Attorney General, and William Campbell, District Attorney (Lewis Guion, of counsel), for Plaintiff, Appellee.

Story & Pugh, for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. The defendant, a colored man, being on trial for manslaughter, and it appearing that he had killed the deceased while shoot-

ing at another person, and his plea being self-defense, the court charged the jury as follows:—

"When an injury intended against one person mortally affects another, as when a blow aimed at one person, lights upon another and kills him, the enquiry will be whether, if the blow had killed the person against whom it was aimed, the offense would have been murder or manslaughter. If 'A' having malice against 'B' strikes at and misses him but kills 'C,' this is murder in 'A,' but if the blow had been without malice and under such circumstances that if 'B' had died, it would be manslaughter. If a man out of malice to 'A,' shoot at him, but miss him and kill 'B,' it is no less a murder than if he had killed the person intended."

The defense requested the court to add to the above charge the following:

"If you believe from the evidence that the defendant was acting in self-defense and shot the deceased while firing at another, you must acquit 'A.'"

Without this addition the charge was incomplete and incorrect. It is not true to say unqualifiedly that a person who kills one person while shooting at another is guilty of either murder or manslaughter—he may have acted in self-defense, and be guiltless; and the court should have so charged.

The reason assigned for the refusal—that the requested charge was inapplicable to the facts of the case because the person shot at was fleeing when the defendant fired—does not accord with other parts of the instructions where the court does charge as to self-defense—without, however, the explanation called for by the requested charge. Without this explanation the charge of the court, taken as a whole, is to the effect that although there is, as an abstract proposition, such a thing as the law of self-defense, yet if a man while shooting at one man kills another, he is necessarily guilty of either murder or manslaughter.

The court correctly held that the grounds set forth in the motion to quash the venire were not proved. The *ex parte* affidavit of the accused was not evidence.

Besides, the grounds of the motion are insufficient in law.

The allegation that the venire list of 300 names does not contain the name of a single colored man, although one-fourth of the population of the parish are negroes, while pregnant with the affirmation that the jury commissioners in making up the venire list discriminated against

the negroes, yet is not a substantive allegation of that fact. However improbable it may be that the general venire list of 300 names should not contain the name of at least one colored man, if the jury commissioners had made their selection without discrimination, considering that one-fourth of the population are negroes, yet such a thing is not impossible; and the presumption is that the jury commissioners did their duty.

The charge of the court on the subject of flight, while not incorrect, should, we think, have been more full. The charge was as follows:—

"The legal presumption from flight is against the prisoner, but is not sufficient of itself to authorize a conviction, and it lies upon the defendant to explain or rebut it."

Everything here stated is true, but the sound of it leaves on the mind an erroneous impression as to the weight to be attached to this presumption in a case like the one at bar, where the acts from which criminality is sought to be deduced were committed openly. The court should have qualified the charge by stating, to use the phrase of the Supreme Court of Missouri, quoted with approval by Mr. Wharton in his work on Criminal Evidence (Sec. 750), "the countervailing circumstances incidental to a comprehensive view of the question." In other words, the court should have explained that the fact of the accused having fled, if proven, was merely a fact in the case to be taken into consideration by the jury in connection with all the other facts in the case in determining the probabilities for or against the guilt of the accused; that flight may be prompted by a sense of guilt, but is not necessarily so; and that if the jury find that the accused fled, it is for them to consider what was the motive of the flight.

It is therefore ordered, adjudged, and decreed that the judgment and the verdict herein be set aside, and that the case be proceeded with according to law.