LAND, J.
The accused was charged with murder, and convicted of manslaughter. He appealed to this court, and we reversed the verdict and sentenóe, and remanded the case for further proceedings according to law. State v. Halliday, 111 La. 47, 35 South. 380.
On the second trial the accused was found “guilty as charged, strongly recommended to the mercy of the court,” and was sentenced to imprisonment at hard labor in the State Penitentiary for a term of eight years.
After the judge had charged the jury in writing, counsel for. accused requested the following special charges, viz.:
“(a) When one believes himself, from the attending circumstances, to be in imminent danger of great bodily harm from the attack or anticipated attack of an opponent, he is justified if he takes the life of the opponent, if that be, in his judgment, the only means of safety to himself. And where the difficulty arises on his premises or those in his custody, he may use such force without retreat.
“(b) The necessity of taking the life of the opponent must be judged from the standpoint of the party killing. The fact that it subsequently developed that there was no such peril is not to be charged against him, if, from the attending circumstances, he verily believed the danger at the time existed.
“(c) In order to hold the defendant guilty of manslaughter, it is incumbent upon the state to prove that the defendant had the intention to kill.”
The trial judge refused to give the above special charges, and the accused excepted.
The refusal was also made the ground of a motion for a new trial.
The judge assigned in the bill itself no reasons, but made a statement containing his reasons for refusing said special charges, and also a statement of facts, which were made of record.
■ He, in brief, states that special charges “a” and “b” were abstract propositions of law, not applicable to the facts of the case; that his written charge covered the law of the case, and that special charge “c” was not a correct proposition of law in the abstract.
1. Special charge “a” does not contain a correct statement of the law of self-defense.
In the leading case of State v. Chandler, 5 La. Ann. 489, 52 Am. Dec. 599, the court said:
“If there be an actual physical attack of such a nature as to afford reasonable ground to believe that the design is to destroy life or to commit a felony upon the person assaulted, the killing of the assailant in such a case will be justifiable homicide in self-defense.”
The special charge makes the right of self-defense depend on the mere belief of the accused arising from an anticipated attack, instead of reasonable ground to believe, founded on an actual physical attack or hostile demonstration.
2. Special charge “b" contains the same error of assuming that the right of self-defense depends on the belief of the accused.
We agree with the trial judge that the requested charges had no application to the facts of the case.
The only witness for the state who saw the blows struck testified that they were inflicted while the deceased was attempting to escape; that the weapon used was a thorn stick about 2y2 inches in diameter, and about 4 feet long; that the second blow struck the deceased on the back, and the third on the back of the head; that during this time the *849 deceased was running away in a stooping position, as if to avoid the licks; and that deceased fell upon receiving the third blow, and bled from the eyes, ears, and nostrils very freely.
The attending physician testified that the deceased died from the effect of a hard blow on the back of the head, which fractured the skull and ruptured the brain.
The accused testified, in substance, as follows: r
“That the deceased was not sitting on the table, but that he and the deceased were sitting on the ditch bank to discuss the matter, the accused trying to quiet the deceased, when the controversy arose between them; and believing that the deceased, who had arisen and was reaching for a stick, would strike him, he grabbed a stick and struck the deceased.”
There is nothing in this testimony of the accused to show that he had reasonable grounds to believe that he was in danger of life or great bodily harm. On the contrary, his belief was that the accused would strike him, and that is all.
The size of the stick he reached for is not stated.
The judge states that the special charges were not applicable to the facts, and this is sufficient until the contrary be shown by recitals in the bills of exception or otherwise.
In the Chandler Case, supra, the court said that it was the duty of the trial judge to decline to charge the law of self-defense where it was not applicable to the state of facts before the jury. Of course, where there is any evidence before the jury tending to show self-defense, the law on that subject should be given in charge.
3. “An actual intent to take life is not a necessary ingredient in murder, any more than it is in manslaughter.” 2 Bishop, Crim. Law, §§ 676, 679.
4. The accused filed a motion in arrest of judgment, on the ground that the verdict, “Guilty as charged,” convicted the accused of the murder charged in the indictment, of which he had been acquitted, and not of manslaughter, for which offense he was on trial.
The motion was overruled, and the accused excepted. This point was decided adversely to the contention of the accused in State v. West, 45 La. Ann. 928, 13 South. 173.
Finding no reversible error in the record, the verdict and sentence appealed from are affirmed.