BREAUX, C. J.
Defendant was charged with having committed manslaughter by taking the life of Vincent Risso. He was indicted on the 19th day of September, 1912. He was arraigned and pleaded not guilty on the 23d of September of the same year, and on the 1st of October following he filed a motion to quash the indictment on the ground that his name is not Joseph Risso, but Joseph Fama. The motion was overruled, and the court proceeded with the trial. On October 2d, the jury having failed to agree, a mistrial was entered. At the same term of the court, on the 11th of October, he was again tried, and a verdict obtained by a jury of nine to three.
From a sentence of seven years at hard labor in the penitentiary, he prosecutes this appeal.
The first objection of defendant on appeal was that he was not indicted in his name; that his name is Joseph Fama.
Another objection during the trial was: That defendant was compelled to go to trial, although no certified copy of the venire had been served upon him.
That there was no return in the record showing that service had been made.
The facts as relates to this service are, as testified to by the deputy sheriff, who swore that he made a service of papers, as follows:
“I served a copy of the indictment, together with the certified copy of this venire for both weeks of the court, in person. The day after the assignment of the case I did not make any return of the service. I have not made a service of the venire of the second week since the reassignment of the case. I have never received any for service. I examined the copy I served, and noticed that it had the venire for both weeks. I served it in the office of Borron & Wilbert.”
The objection at this point was that there was no return by the deputy sheriff showing that a copy of the venire had ever been served on the defendant in person, and that the deputy sheriff never testified that he made a personal service on the defendant.
As relates to a copy of the venire, the facts are: That the clerk prepared a certified copy of the venire for both weeks of court. The objection of defendant was that he was entitled to a separate copy of the venire for each, the first week and the second week, one copy to be served for the first week and the other to be served for the second week. In other words, that he was entitled to separate copies for each week. Leaving this point for the time being, we will state the next. In time before the second trial, the accused moved for a continuance on the ground that the community had been prejudiced against him by two articles published in a local daily paper to such an extent that it was not possible for him to obtain justice. The articles were introduced in evidence. One of these articles was particularly severe against the jury that had failed to condemn the accused. This was after a mistrial had been entered. The asserted crime was referred to in the article and characterized as one for which, beyond all question, *949 the accused should be found guilty, and it was stated, in substance, that in not condemning him the jury were unmindful of their oaths as jurors. The other article in the same paper, although not as severe, was also a reflection upon the jury’s asserted failure to agree.
The objection urged by defendant as relates to service of the list of jurors may be stated in the alternative that no formal service was ever made of the list of jurors, but, if made, that no copy was served on the defendant.
The facts as relate to this point are stated above. We will take up the last of the alternative proposition after having decided the other points of the case.
[1] Taking up the point first above stated —that is defendant’s name was not Risso— the district judge informs us in the per curiam of one of the bills of exceptions that the ground was not urged on the last trial. Whether urged or not, it is not of sufficient-importance to set aside the verdict. He was, we infer known by that name. His bond to obtain his release while awaiting the trial of his case was signed in that name. In that name he was arraigned. He is the one indicted for the alleged crime.
[3] We .pass to the next point stated above for decision; that is, the prejudice existing in the public mind on account of the articles of which defendant complains, published in a local newspaper. No attempt was made to prove the asserted prejudice, or that the public was improperly influenced, and that there existed prejudice among the jurors. There is nothing contained in the record to show that the jurors when examined on their voir dire were questioned upon the subject. It does not appear that the challenges were exhausted and no application was presented for a change of venue on account of prejudice against the accused. We will not interfere with the verdict of the jury on that ground.
[2] The motion for a continuance on the ground that there was only one copy made of the list of jurors to serve for the first week and the second week is equally as untenable. We have seen that the ground for the motion was that there was fatal defect, as only one copy of the venire of the first week and of the second week (all in one) was made, and that a copy should have been made for each week and served. This is not a serious ground in our view. Such a list may contain the names of the jur'ors for the two weeks. Served the first week for the term afforded no good ground of defense. He was informed who were the jurors who would sit upon his ease. If anything, it was to his advantage to know who were the jurors for the term.
[4] Lastly, we will take up the objection that the list of jurors and a copy of the indictment were not served at all, the ground we before stated we would consider last for decision. For the manner in which the service was made, see the testimony of the officer before copied. No question but that the copy of the indictment and of the jury list should be served personally on the defendant. If the sheriff fails to make a return, verbal testimony is admissible to prove that there was a personal service duly made. The testimony inserted above shows how the service was made. It is thought by the court, after having carefully considered the objection of defendant on this score, that there was sufficient service made. The defense at this time and on this point is based upon the assumption that the list as made of the venire for the two weeks was not made as required by law. But if it be a matter of service the deputy who testified said that “he served in person.” There may be a waiver of service, or it may be assumed that the accused has waived the service. In this instance there was a service. State v. Benjamin, 7 La. Ann. 47. See Marr’s Digest, heading “Service.”
*951 There is nothing in the statute in regard to the return to be made of the service of the jury list and copy of the indictment. But judged by the rules requiring service and return by the officer, the service was made.
The accused swore that no service had been made. He evidently meant the list of jurors for the second week was not served. To copy from his testimony:
“I am the defendant in this case, and have not been served with a copy of the venire for this week since the reassignment of this case.”
If the list of jurors for the term had not been served, learned counsel would not have lost their time in arguing at some length that the list as made was not in legal form.
The ground just considered — that there was a total want of service of the jury list— at first attracted the attention of the court. After consideration, it was concluded that service was made.
It is therefore ordered, adjudged, and decreed that the judgment, sentence, and verdict are affirmed.
On Application for Rehearing.
The application for a rehearing sets forth that the court did not pass upon the question raised: objectionable expressions in the address of the District Attorney to the jury.
[5] The court never considered that the grounds urged were sufficient to justify the court in setting aside the verdict. The decisions cited by the counsel for the defense relate to remarks made during the course of the argument of a tendency beyond question of illegally influencing the members of the jury. The District Attorneys in the decisions cited were admonished not to appeal to any prejudice.
In this instance, there was no appeal to such prejudice. The difference in origin of the people to whom it is said the remarks referred, is not a ground which will influence a jury.
As to the reference to the Mafia — an organization of which very little is known as an organization (if it be an organization) is not of such importance, though attacked by the District Attorney, as to give it the importance urged. So far as we know, it was not part of the issues, and, therefore, we conclude not to reopen the case on the ground.
The following is entitled to special weight under our jurisprudence, part of the court’s per curiam, made part of a bill of exceptions, “there was no direct evidence to show that the accused” was connected with the Mafia or vendetta, nor did the District Attorney in his argument state that the accused was a member of either organization. The District Attorney has the right to draw inferences and deductions from the testimony.
Rehearing refused.