SOMMERVILLE, J.
Plaintiff was charged' with murder, and convicted of manslaughter. 1-Iis appeal is based upon two bills of exceptions.
[1 ] The first bill was reserved to the ruling of the court on the objection of defendant to-proceed with the trial of the cause until all of the ten tales jurors who had been summoned to complete the venire should have answered to their names in open court. The- *517 tales jurors appear to have been summoned under the provisions of Act No. 182 of 1914, p. 341; and under the authority of State v. Anderson, 136 La. 261, 66 South. 906, the ruling of the district judge is sustained.
[2] The next bill is reserved to the refusal of the trial judge to charge the jury on the law of self-defense. The reasons given by the trial judge for refusing the requested charge are that:
“The evidence did not show a case of self-defense. -Defendant himself did not testify to a state of facts that would have supported a plea of self-defense, and a proper charge thereon. He testified that he did not know who fired the shot, himself or his brother, with whom he was struggling; that it was, in fact, an accidental discharge. The evidence disclosed the fact that defendant had gone to his brother’s stable where the killing occurred to get his trunk, after he had been discharged, armed with a pistol; that he drew the pistol on his brother; that he had turned away and had gone about 10 or 12 feet when he was seized by hi's brother, who attempted to take the pistol away from him; that in the struggle which ensued the pistol was discharged. Defendant did not testify that he was in any fear; that the attack was violent; or that he was resisting force with force. From all the evidence, I arrived at the conclusion that the defendant was the aggressor in the commission of an unlawful act at the time the fatal shot was fired.”
It appears from the statement by the court that the defense was not that of self-defense, but that of an excusable homicide, the result of an accident. What constitutes self-defense is a question of law for the court. 21 Oye. 1028. The Constitution (article 179) makes the jury the judges of the law and the facts as to the question of the guilt or innocence of the accused; but points of law, wherein the guilt or innocence of the accused is not drawn in question, are for the court, and not for the jury, to dispose of, such asi admissibility of evidence, the charge of the court, etc.
The case of State v. Baptiste, 105 La. 661, 30 South. 147, involves the accidental killing of a third person where the defendant claimed to have been acting “as in case of self-defense” from an assault by another person. And there the defendant specially pleaded self-defense,. He claimed to have been resisting force with force. - He shot at one person with the intention of disabling him, and he accidentally killed another. And the trial court charged the jury with reference to the law of self-defense, but insufficiently. In the instant case the statement contained in the bill of exceptions, as well as that in the per curiam of the court, shows that the plea of defendant was accidental or excusable homicide, resulting from a tussle between defendant and his brother for the possession of a gun, which defendant had drawn upon his brother.- It appears that the defendant did not testify that he was in any fear when his brother sought to disarm him, or that the attack upon him was violent, or that he was resisting force with force; on the contrary, he testified that he did not know who fired the shot which resulted in the death of the deceased, who was a bystander, and that the discharge of the gun was accidental. There was no evidence to the effect that he (defendant) had discharged his gun in self-defense.
In the case of State v. Kellogg, 104 La. 580 (593 et seq.), 29 South. 285, wherein we reviewed and sustained the ruling of the trial court on the question of admissibility of evidence in support of a plea of self-defense, it was shown that the accused was the aggressor at the beginning of the difficulty; and it had not been shown that defendant, after commencing the attack, and before the killing, had withdrawn in good faith from the position of aggression and assault which he had assumed, with the intention of abandoning his original purpose, and that he had clearly informed the deceased that he was seeking peace; and the reasons there given for refusing to receive the evidence have application here to the refusal of the judge to charge the jury on the law of self-defense, *519 where no such plea had been made, and where no evidence had been received which would go to support such a plea.
If there were any evidence, however slight, tending to support the plea of self-defense, or on any material fact, it would have been the duty of the trial judge to have charged the jury on the law with reference thereto; but, in the absence of such evidence it is clearly not the duty of the trial judge to charge the jury with reference to the law on matters not pleaded or testified to on the trial.
There is no error in the judgment appealed from.
Judgment affirmed.
PROVOSTX, J., dissenting, thinks the charge should have been given.