(76 South. 254)

No. 22635.

STATE v. SUIRE.

(June 30, 1917.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞665(2) — APPEAL — EXCLUSION OF WITNESS — EXEMPTION FROM RULE.

The exemption of any particular witness from the rule or order of the court, excluding the witnesses from the courtroom during the trial of a criminal case, is a matter so largely within the discretion of the trial judge that, if he makes an exception that is at all reasonable, c. g., if the excepted witness is the prosecuting witness or party who was injured or aggrieved, the ruling should be affirmed.

2. CRIMINAL LAW ☞376—WITNESSES ☞337(1)—CREDIBILITY OF DEFENDANT—CHARACTER.

Although the character of the defendant in a criminal prosecution is not subject to attack by the state unless the defendant puts his character at issue, nevertheless, if he becomes a witness in his own behalf, he thereby subjects his testimony to impeachment and puts at issue the question of his credibility, like that of any other witness.

3. CRIMINAL LAW ☞814(1)—TRIAL—INSTRUCTION.

The defendant in a criminal prosecution cannot require the judge to give, in his charge to the jury, an instruction upon a legal proposition that has no application to the facts of the case.

4. CRIMINAL LAW ☞636(1) — TRIAL — PRESENCE OF DEFENDANT.

It is not essential to the legality of a criminal trial that the defendant be present in court at all times that the jury is in court, as, for example, when the jury, having retired for deliberation, is called back into court merely to be informed by the judge that court is about to adjourn for the day, and that the sheriff will see to the jurors' wants.

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Philbert Suire was convicted of embezzlement, and he appeals. Affirmed.

Raphael J. Labauve, of Abbeville, for appellant. A. V. Coco, Atty. Gen., and Preston J. Green, Dist. Atty., of Abbeville (Vernon A. Coco, of Marksville, and Minos T. Gordy, of Abbeville, of counsel), for the State.

O'NIELL, J. The defendant was convicted of embezzlement, was condemned to serve a term of imprisonment in the penitentiary, and prosecutes this appeal.

The first bill of exceptions was reserved to a ruling of the trial judge, permitting two prosecuting witnesses (the owners of the property embezzled) to remain in court during the trial, after the judge had ordered all of the witnesses excluded from the courtroom.

[1] Exempting any particular witness from the rule or order of court, excluding the witnesses from the courtroom during the trial of a criminal case, is a matter within the sound discretion of the trial judge. When he makes an exception that is reasonable, e. g., if the excepted witness is the prosecuting witness or person aggrieved or injured, the ruling should be affirmed. See Marr's Cr. Jurisprudence, § 423.

[2] The second bill of exceptions recites that the defendant, having testified in his own behalf, and being cross-examined by the district attorney, was asked whether he was willing to admit that he had, in a previous prosecution for petty larceny, pleaded guilty. His attorney urged the objection that the character of the defendant was not at issue, and that the purpose and effect of propounding the question was to prejudice the jury against the accused. The trial judge then asked the district attorney what was the

purpose of his question, to which the latter replied that his intention was not to attack the character of the accused, but to question his credibility as a witness. The court permitted the question to be asked, for the purpose only of inquiring into the credibility of the witness; and the defendant's attorney excepted to the ruling. The witness answered that he had pleaded guilty to an indictment charging petty larceny.

The ruling was correct. It is too well settled to require citation of authority that, although the character of the defendant in a criminal prosecution is not subject to attack by the state unless the defendant puts his character at issue, nevertheless, if he becomes a witness in his own behalf, he thereby subjects his testimony to impeachment and puts his credibility at issue, like that of any other witness.

[3] The third bill of exceptions was taken to the refusal of the judge to give a special charge to the jury, requested by the defendant's attorney. The judge says, in the statement per curiam, that the charge requested would not have been appropriate to the facts in the case. The defendant could not require the judge to give, in his charge to the jury, instructions upon a legal proposition that had no application to the facts of the case. See State v. Folden, 135 La. 791, 66 South. 223, and State v. Warton, 136 La. 516, 67 South. 350.

[4] The fourth and last bill of exceptions refers to the absence of the defendant from the courtroom during certain proceedings, related in the bill of exceptions. It appears that, a few minutes before 11 o'clock at night, the jury, having deliberated 4 hours on the case, was called into court and told by the judge that court was about to adjourn until the next day, and that the sheriff would provide for the comfort of the jurors during the night. One of the jurors then asked the judge to allow the jury about 15 minutes for further deliberation. The request was granted, and the sheriff escorted the jury back to the jury room. During those proceedings, the district attorney and the attorney for the defendant were present in court; but the defendant, having been released on bail, was absent from the courtroom. No demand was made for his presence, nor objection made to the proceedings being had in his absence, until the jury had retired from the courtroom. Then the defendant's attorney announced that he took exception to the fact that the defendant had been absent during the proceedings.

It is not essential to the legality of a criminal trial that the defendant be present in court at all times when the jury is in court, as, for example, when the jury, having retired for deliberation, is called into court merely to be informed by the judge that court is about to adjourn for the day and that the sheriff will see to the jurors' wants. See State v. Outs, 30 La. Ann. 1155; State v. Clark, 32 La. Ann. 558; State v. Somnier, 33 La. Ann. 240; State v. Green, 33 La. Ann. 1408; State v. Harris, 34 La. Ann. 121; State v. Fahey, 35 La. Ann. 12; State v. Simien, 36 La. Ann. 523; State v. Gonsoulin, 38 La. Ann. 459; State v. Dominique, 39 La. Ann. 323, 1 South. 665; State v. Pierre, 39 La. Ann. 915, 3 South. 60; State v. Lewis, 44 La. Ann. 959, 11 South. 572; State v. West, 45 La. Ann. 934, 13 South. 173; State v. Hardaway, 50 La. Ann. 1349, 24 South. 320.

The verdict and sentence appealed from are affirmed.