PROVO STY, J.
The accused was convicted by a jury of assault with intent to rape, was sentenced to a term of not less than two years and not more than three years at hard labor, and has appealed.
[1] The first bill of exceptions is to the ac *319 tion of the trial judge in allowing the husband of the prosecutrix to remain with her in the courtroom while all the other witnesses were excluded.
This was a matter within the discretion of the court. 12 Cyc. 546, 547; Marr’s Crim. Juris. 713; State v. Suire, 142 La. 101, 76 South. 254; State v. Hardy, 142 La. 1061, 78 South. 116.
[2] The second bill shows as follows:
“The district attorney, in his opening argument to the jury and in discussing the facts of the case, declared to the jury:
“ ‘If such crimes as the evidence in this case shows to have been committed could go on without punishment, it meant doubt that when you bid your wives and daughters farewell in the morning that you will return and find them safe and sound.’
“The counsel for the defense objected to the above statement of the district attorney on the ground that the same was an appeal to the prejudice ■ of the jury. Whereupon the court instructed the jury that they were required to decide the case on the evidence adduced before them on the trial of the case, and not on the statement of counsel, and to disregard any appeal not supported by the evidence.
“The court thought it proper to so instruct the jury, for the reason that the district attorney was discussing the facts of the case and stating his deductions therefrom, and not because the argument of the district attorney was an improper one, for it was not.
“The district attorney, upon resuming his argument, repeated the statement above quoted to the jury, and the counsel for the defense renewed his objections thereto and requested the court to put an end to such argument. The court declined to add to its instructions previously given to the jury.”
Here the district attorney was not stating, or commenting on, a fact outside of the evidence, as was the case in State v. Thompson, 106 La. 362, 30 South. 895, relied on by accused, but was arguing that, if the crime of rape went unpunished, the wives and daughters of the community would not be safe. This, in our opinion, was legitimate argument. Cases of State v. Risso, 131 La. 946, 60 South. 625; State v. Meche, 114 La. 231, 38 South. 152; State v. Gallo, 115 La. 746, 39 South. 1001; State v. Spurling, 115 La. 789, 40 South. 167; State v. Young, 114 La. 686, 38 South. 517; State v. Romero, 117 La. 1003, 42 South. 482; State v. Riggio, 124 La. 614, 50 South. 600; State v. Johnson, 133 La. 63, 62 South. 407—and others too numerous to be all cited, where comment by way of argument based upon evidence is held to be legitimate, however severe.
[3] The next and last bill is to the refusal of a new trial, asked for on the ground of newly discovered evidence.
One of the new witnesses would testify that before the day of the assault the accused went at will to the house of the prosecutrix; the object of this evidence being, not to show, or intimate, that any improper relations had theretofore existed between the parties, but simply to contradict the prosecutrix in a statement made by her on the witness stand that before the time of the assault the accused had never been alone with her in her house. It was an undisputed fact on the trial that the accused and the prosecutrix and her husband had been on the friendliest terms, and one of the new witnesses had been a witness on the trial, and the other was the brother-in-law of the prosecutrix. The trial judge thought that, under these circumstances, the accused could not but have had knowledge of this alleged new evidence at the trial, and that, moreover, this alleged new evidence could have no material bearing on the question of guilt or innocence, and, finally, that a new trial is not granted for the purpose merely of impeaching one of the witnesses of the prosecution.
Two of the other new witnesses were to testify that the day on which the soldier boys entrained was not that on which the prosecutrix said she was assaulted; the object being to contradict the testimony of the prosecutrix to the effect that a few hours after the assault she went to the house of her *321 father-in-law near by, and that be and bis wife were absent, having gone to Abbeville to see the soldier boys off. The trial judge thought that non constat the father-in-law and his wife had not gone to Abbeville under the mistaken belief that the soldier boys were to entrain that day, or that they had not gone there on some other mission, and that, moreover, the date of the departure of the soldier boys could easily have been proved by the clerk of court and by the clerk of the local board of examiners, both of whom were present at the trial, and that consequently accused had not used due diligence in procuring said alleged newly discovered evidence.
The other new witnesses were to testify that at the time of the assault the pistol of accused was at his house — this to contradict a statement of the prosecutrix on the witness stand that accused had a pistol on his person at the time of the assault. The trial judge thought that such a thing was easily possible as that the accused had procured another pistol, so that this new evidence would not necessarily be contradictory of that of the prosecutrix, and that, moreover, inasmuch as three of these new witnesses were living in the same house with accused and eating at the same table with him and were witnesses at the trial and the fourth was .their negro cook, the accused could with due diligence have known of this new testimony and produced it on the trial; also that this testimony would be merely cumulative, and, finally, that a new trial is not granted for impeaching one of the witnesses for the state.
The learned counsel for accused argue that, inasmuch as the case stood upon the testimony of the prosecutrix alone, contradicted by his own, this showing of her having testified falsely in the said particulars would so discredit her as a witness as to bring about a different result on another trial. It is not true that the prosecutrix was wholly uncorroborated, since marks of violence were seen on her neck by her sister-in-law when, shortly after the assault, she told her of it.
New trials are largely within the discretion of the trial judge. We find no good reason for interfering in this case.
Judgment affirmed.