BRUNOT, J.
 

 Juanita Grey and William Smith were charged with the larceny of $80. They were tried; a verdict of guilty as to Juanita Grey and not guilty as to William Smith was rendered by the jury, and from this verdict and the sentence of the court Juanita Grey appealed.
 

 Appellant’s counsel has not filed- a brief in the case and has made no appearance in this court.
 

 There are three bills of exception in the transcript. The first bill was reserved to the overruling of a motion for a new trial; the second to a question the assistant district attorney propounded to the accused, when, as a witness, she was tendered for cross-examination; and the third to a comment of the district attorney made during his argument to the jury.
 

 The motion for a new trial, except for the allegation that the verdict is contrary to the law and the evidence, is merely a reiteration of the recitals of the other bills of exception. Bill No. 2 grew out of the following incident: After the assistant district attorney had submitted the testimony upon which he relied for a conviction, the accused was sworn as a witness in her own behalf. She testified that the $60 which the officers found on her person when she was arrested belonged to her; that she solicited men on the streets of the city for the purpose of prostitution, and on the night the crime was alleged to have been committed she had been very successful and had in this manner earned the total sum found in her possession. After thus testifying she was tendered for cross-examination, and the assistant district attorney asked this question: “Who' was the first man you picked up?”
 

 The question was objected to; the reason assigned being that it was an attempt on the part of the assistant district attorney to prejudice the rights of the defendant. The objection was overruled, and this bill was reserved to the ruling. The objection appears to be frivolous, but there are two better reasons for sustaining the court’s ruling; The first is that there is nothing in the bill of exceptions or elsewhere in the record to indicate that the question was pressed or that the accused answered it; and, second, that the ruling merely permitted the assistant district attorney to cross-examine the accused upon a matter material to the issue which she had brought out, and to which she had testified fully on her direct examination.
 

 Bill No. 4, as it appears in the transcript, is immediately followed by the clerk’s minute entry, which shows what actually happened. We quote the entry in full:
 

 “Remark made to the jury in argument by the assistant district attorney, to which objection was made by counsel for defendants and bill reserved.
 

 “ 'Gentlemen, no doubt you have heard of the old badger game.’
 

 “By Mr. Burke: We object to that remark of the assistant district attorney to the jury.
 

 “By the Court: The objection is overruled.
 

 “By Mr. Burke: To which ruling of the court counsel for defendants excepts and reserves a bill of exceptions.”
 

 Whether a reference to the “badger game” was dehors the record, or whether it was in accord with the testimony of the victim of the larceny or of other evidence introduced on the trial of the case, are questions which, from our reading of the record, we are not sufficiently informed to answer. If it was possible for us to do so, and we found that the assistant district attorney, had traveled outside of the record, we nevertheless think that, in the absence of a showing of some resultant prejudice or injury to the
 
 *459
 
 accused we would be compelled to hold, in a case such as this, that the remark was harmless error, because the record shows that a man and a woman were jointly charged with the crime; that both were arrested a very 'short time after its alleged commission; that $60 was found on the person of the woman and $20 on that of the man. The amount charged to have been stolen was $80. It is well known that what is termed the “badger game” is worked by a man and a woman. Under these circumstances, and in the absence of any showing whatever by the accused, we cannot say that the reference made by the assistant district attorney was not a proper and legitimate inference from the testimony.
 

 “The district attorney has the right to draw inferences and deductions from the testimony.” State v. Risso, 60 So. 625, 131 La. 946.
 

 The verdict and sentence are therefore affirmed.