We think the trial judge correctly found for the plaintiff.

The judgment appealed from is therefore affirmed.

(124 So. 143)

No. 30023.

·STATE v. SANDERSON et al.

July 8, 1929.   Rehearing Denied Oct. 8, 1929.

J. W. Elder, of Ruston, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J. Dudley A. Sanderson and B. Frank Bagwell were indicted for the murder of Annie Lee Taylor. The offense was committed on December 25, 1928. The defendants are members of the Caucasian race, and the deceased was a member of the negro race. The defendants were found guilty as charged without capital punishment, and were sentenced to the penitentiary for life. Sanderson alone has appealed.

The first bill of exceptions is one taken to the overruling of a motion attacking the right of the trial judge to sit in the case. The motion rests upon the ground that, as the trial judge has reached the age of 75 years since he qualified as judge, he has automatically vacated his office under section 8 of article 7 of the Constitution of 1921. The motion is obviously a collateral attack upon the right of the trial judge to hold the office of

judge of the third district court, to which, it is not questioned, he was duly commissioned and qualified. The attack being collateral, it cannot be sustained, even assuming that it would otherwise possess merit. This very question was presented in the case of State v. Cullens (No. 29976) 123 So. 645,[1] and it was there held that the trial judge's title to his office was not open to collateral attack. It is unnecessary to add anything to what we there said. The motion was properly overruled, and this, without even referring it to another judge for disposition.

The second bill of exception, like the first, was taken to the overruling of a motion attacking the competency of the trial judge. In this instance, the motion, which is based upon the same ground as the motion considered in the preceding bill, is directed against the competency of the judge to pass upon a motion for a new trial. The motion is without merit. State v. Sadler, 51 La. Ann. 1397, 26 So. 390; State v. Smith, 153 La. 577, 96 So. 127; State v. Phillips, 164 La. 597, 114 So. 171; State v. Cullens, supra.

The third bill of exception was taken to the overruling of a motion for a new trial, setting forth that the verdict of the jury is contrary to the law and the evidence. The bill of exception presents nothing for review that comes within our jurisdiction. Code of Criminal Procedure, art. 516; Const. art. 7, § 10.

The fourth bill of exception was taken to the overruling of a motion to quash the indictment, and also the venire of petit jurors, drawn to try cases for the week in which appellant was to be tried. The grounds of the motion are that the grand jury that returned the bill of indictment was illegally selected, in that the venire from which it was

[1] 168 La. 976.

drawn was selected by a jury commission appointed under Act 135 of 1898, instead of under the Code of Criminal Procedure, and was functus officio when it convened for the purpose of selecting a venire of grand jurors and of drawing venires of petit jurors; that the jury commission, instead of placing 300 names in the general venire box, after withdrawing all names therefrom, in order to start anew under the Criminal Code, merely supplemented the names already in the box, so as to bring them up to 300, before selecting the venire of grand jurors and drawing the venires of petit jurors. It is also urged that the indictment is invalid, because the name of one of the venire of grand jurors, from which the grand jury was selected, and who was impaneled as a grand juror, was not published. The grounds for quashing the venire of petit jurors are the same as those for quashing the indictment, save, of course, as to the failure to publish the name of one of the venire of grand jurors.

As relates to the validity of the acts of the jury commission, it should be observed that the number of jury commissioners is the same under the Code of Criminal Procedure as it was under Act 135 of 1898. Code Cr. Proc. art. 175; section 3 of Act 135 of 1898. There is some difference in the language used in these laws as to the qualifications of a jury commissioner, though probably not a substantial difference, when the requirements of either the Constitution of 1898 or of 1921 are considered as to the qualifications of an officer. In our view, the jury commission, in this instance, may be regarded as a de facto commission. As such, its acts were valid. This was expressly so held in the case of State v. Cullens, cited supra, with respect to this very commission, and we see no reason to alter our views now.

As relates to the supplementing of the names in the general venire box up to 300, instead of withdrawing them and refilling the box with 300 names, there is no such difference between the act of 1898 and the Code of Criminal Procedure, with reference to the drawing of juries, as to render invalid the action of the jury commission, and this, in effect, was so held in the Cullens Case.

As relates to the failure to publish the name of one of the venire of grand jurors, who was later drawn and impaneled as a member of the grand jury that returned the bill of indictment, this ground for quashing the bill cannot be sustained. As a matter of fact, the grand juror's name was included in the published list, though an error was made in publishing the first initial of his name. the name having been published as E. L. Ewing, instead of B. L. Ewing. It does not appear that there was an E. L. Ewing in the parish. We are unable to perceive any possible injury that defendant could have suffered by the misprint. There was no error in overruling the motion to quash.

The fifth bill of exception was retained to the overruling of an objection to a question, propounded to one of the defendants, while a witness on the stand, to ascertain whether he had been convicted of any crime. The ground of objection was that the matter sought to be elicited was not touched upon in the examination in chief. It is not questioned that the defendant voluntarily took the witness stand in his own behalf and testified in chief to a fact at issue. As to an offense committed since the Code of Criminal Procedure became effective, which is the case here, it is not necessary that the fact sought to be elicited on cross-examination, from the defendant or one of his witnesses, be connected with, or incidental to, the examination in chief. The rule now is, as it should be, that, "when a witness has been intentionally sworn

and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case." Code Cr. Proc. art. 376. This rule is as applicable to an accused who makes himself a witness in his own behalf as it is to any other witness, for article 462 of the Code of Criminal Procedure provides that, "when a person accused, or a husband or wife becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case." However, the question propounded would have been admissible under the jurisprudence as it stood prior to the adoption of the Code of Criminal Procedure. It was relevant as seeking to elicit evidence touching the credibility of the witness, and was therefore connected with, or was incidental to, the examination in chief, for the evidence sought to be elicited might affect everything the witness testified to in chief. State v. Foster, 153 La. 154, 95 So. 536; State v. Thompson, 161 La. 298, 108 So. 543.

▇ The sixth bill of exception was retained to the charge of the court to the jury that an actual intent to take life is not necessary to find one guilty of murder. The charge was correct, for an actual intent to take life is not a necessary ingredient of either murder or manslaughter. State v. Halliday, 112 La. 846, 36 So. 753.

▇▇ The seventh bill of exception is too vague to be of any legal value. It was taken, so the bill recites, "to the court's charge on manslaughter and especially that portion which says 'that the danger must be actual,' etc." The bill of exception gives no further information as to what in the charge was considered objectionable. We find nothing in the charge on manslaughter to which the words quoted relate. The trial judge himself seems to have been misled by the vague-ness of the exception, for he refers in his per curiam, as affording the accused ample protection, to certain special charges, given by him, which, instead of being on manslaughter, are on the law of self-defense, and which are therefore disconnected with the bill of exception.

Counsel for the defense in his brief says that the bill was reserved to that part of the court's charge, reading as follows: "As the intention to take human life is not an essential element in the crime of murder or manslaughter, all of the parties to a conspiracy may be found guilty of murder if a homicide is committed in carrying out a conspiracy to commit any felony, and all of the conspirators may be found guilty of manslaughter if a felonious homicide be committed in carrying out a conspiracy to commit a less serious offense, not naturally tending to the destruction of life." Counsel argues, which is unquestionably true, that, if there be a conspiracy to kill, then the killing legally is murder. But here the court is not charging on conspiracies to kill, but on conspiracies to commit felonies and offenses less than felonies, in the execution of which a homicide is committed. We fail to see wherein the appellant is interested in having the court charge the jury that, if the homicide, in this instance, was committed in the execution of a conspiracy, of which he was a member, to commit an offense less than a felony, he would be guilty of murder, and not of manslaughter, and, as he has no interest to require such a charge, which is one unfavorable to him, if he has no just grounds of complaint.

▇ The eighth bill of exception was reserved to the adding of a clause to a special charge, requested by appellant and given by the court. The charge requested was that, "while the jury might convict on the uncor-

roborated evidence of an accomplice, yet such testimony should be weighed by the jury. with great caution and deliberation." The clause added was: "As should all of the testimony be weighed with due caution and deliberation." The contention is that the added clause destroyed the effect of the special charge requested. While the added clause might have been left unsaid in that particular connection, yet we think that its insertion in the charge was not prejudicial error. Unquestionably it was the duty of the jury to weigh all the evidence with due care and caution. The fact that the jury was told so to weigh it did not sufficiently detract from the specific instruction, to weigh the evidence of an accomplice with great caution, to make the charge erroneous, or to mislead the jury into not considering the evidence of an accomplice with great caution.

The ninth bill of exception has been abandoned. The per curiam of the trial judge clearly shows that it possesses no merit.

For these reasons, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs, but as to bill No. 5 concurs only in the ruling that the inquiry into the character of the witness for veracity was permissible.

(124 So. 147)