HAWTHORNE, Justice.
Jessie Ferguson, charged with the murder of Joyce Marie Thibodeaux, was tried, adjudged guilty, and sentenced to death. From this conviction and sentence he has appealed, relying for reversal on bills of exception reserved and perfected.
Before commencement of the trial the district judge pursuant to the authority of R.S. 15:371 entered an order for the sequestration of witnesses but excepted from the provisions of the order City Detective Zerangue, a witness for the State. To the ruling of the court exempting this witness from the order counsel for the defendant excepted and reserved Bill of Exception No. 9.
The district judge in his per curiam to this bill states:
“The Court, in its discretion, permitted the chief investigating officer to remain in the Court with the District Attorney and in that the accused was in no way prejudiced by the presence of the investigating officer or his testimony.”
Under the provisions of R.S. 15 :371, as soon as an order for sequestration of witnesses has been given, it is the duty of the sheriff to take charge of the witnesses and remove them to a place where *604 they shall not be able to see or hear any of the proceedings taking place in court, and they shall not be allowed to communicate with one another. The reasons for placing witnesses under sequestration are to prevent their being influenced by the testimony and evidence of other witnesses and to permit more effective cross-examination of the witnesses who testify on the same aspects and circumstances of the case.
The law is well settled in this state that “the ordering or refusing to order sequestration of witnesses is within the sound discretion of a trial court, and it is only when the exercise of such a discretion is arbitrary or unreasonable, to the prejudicial injury of the defendant, in obtaining a fair and impartial trial, that we would be warranted in setting aside a verdict”. State v. Palmer, 1955, 227 La. 691, 80 So.2d 374, 381, and authorities there cited; State v. Smith, 216 La. 1041, 45 So.2d 617.
The trial judge in his per curiam did not assign any reason for excusing the city detective from the order of sequestration; evidently he believed that the law granted him the right to do so in his discretion. His statement that the accused was not prejudiced is not supported by any reasons, but is merely a conclusion. In our view the per curiam shows that the trial judge erred in exercising his discretion as he did. This would not entitle the defendant to a new trial, however, unless the action of the trial judge prejudiced the defendant’s right to a fair and impartial trial.
The city detective excused from the order of sequestration was a very important witness for the State. It was he who discovered the body of the deceased at the scene of the crime and who in the company of another police officer arrested the accused. This witness gave testimony for the admission of an oral statement or admission made by the accused, stating that it was freely and voluntarily made by the accused, and also testified as to the content of the statement. In laying the foundation for the admission of this oral statement the State relied not only on the testimony of this witness but also on that of another city police officer who preceded him to the stand. The witness excused from the rule was afforded the opportunity of hearing his fellow-officer testify on the same matters on which he himself testified immediately afterwards, including the facts surrounding the finding of the body, the arrest of the accused, and other details, and also the voluntary character of the oral statement and what the accused actually said in this statement.
Under the facts of this case as we have set them out, it appears to us that the accused suffered prejudicial injury, for by permitting this city detective to remain in the courtroom the judge denied the accused the right' to effective cross-examination of this witness; or, as said in one case, *606 for all practical purposes the accused was deprived of the right to cross-examine the witness. See State v. Smith, supra.
The instant case is almost on all fours with State v. Carter, 206 La. 181, 19 So.2d 41, 44. In that case, as in this one, certain officers were excluded from the order of sequestration and permitted to remain in the courtroom, and there, as here, were permitted to testify as to purported verbal admissions said to have been made by the accused. The trial judge there, as here, assigned no reason for permitting these witnesses to be excused from the rule, but simply stated that the law granted him the discretion to do so. In reversing the conviction in the Carter case this court stated that “the ruling of the trial judge in permitting these three witnesses to remain in the courtroom and hear and see what transpired, for all practical purposes deprived the accused of his right to cross-examine them”, and that the accused suffered serious injury and prejudice to his substantial rights as a result of the ruling.
We are aware that there are many cases in our jurisprudence where it was held that the trial judge did not abuse his discretion to the prejudice of the accused by permitting certain witnesses to be excused from the order of sequestration and remain in the courtroom. These witnesses were, for instance, officers of the court to serve its processes, execute its orders, and maintain order and decorum; a prosecuting witness ; peace officers, coroners, medical and investigating officers.[1] The exemption of any particular witnesses from such an order is a matter largely within the discretion of the trial judge, and if he makes an exception that is at all reasonable, his ruling should be affirmed. State v. Suire, 142 La. 101, 76 So. 254. Nevertheless, the judge’s per curiam or the record should show that the exception was a reasonable one.
In the final analysis, however, each case must be decided on the facts and circumstances shown to exist, and it is our opinion that under the facts and circumstances of the instant case the accused was prejudiced in his substantial rights by the judge’s ruling. ■
The case of State v. Carter, supra, is cited and relied on by the appellant here, but the State in its brief does not mention that case or make any effort to distinguish it from the instant case.
Since we have concluded that Bill of Exception No. 9 has merit and entitles the accused to a new trial, it is not necessary for us at this time to discuss the other bills reserved and perfected.
For the reasons assigned the conviction and sentence are reversed and set aside, *608 and the case is remanded to the district court for a new trial.
VIOSCA, J., concurs in the decree.
FOURNET, C. J., and McCALEB, J., dissent.

. See State v. Thomas, 161 La. 1010, 109 So. 819; State v. Wilson, 168 La. 903, 123 So. 614; State v. Suire, 142 La. 101, 76 So. 254; State v. Barton, 207 La. 820, 22 So.2d 183.