## No. 6851.

### THE STATE vs. BILL THOMAS.

The objection of an accused that the property he was convicted of stealing was imperfectly, and incompletely described in the indictment, should be taken on a motion to quash the indictment, before the jury is sworn. It is too late to urge such an objection, being one apparent on the face of the indictment, on a motion in arrest of judgment.

Evidence of an offense different and distinct from that charged in the indictment is only admissible in evidence, where it tends to show the intent with which the act charged was done. Thus where the charge is stealing a certain hog, evidence that the accused altered the mark of the hog is admissible.

One who takes property, or, after having had it in possession for a time releases it, and subsequently retakes it, under a mistaken but honest belief that it was his property, is not guilty of larceny.

When a bill of exceptions is so expressed as to leave in doubt what the lower judge actually charged the jury on some important point, the accused will have the benefit of the doubt, and the case will be remanded.

Declarations of an accused in his own behalf are only admissible when they are a part of the *res gestœ*.

To constitute a part of the *res gestœ* it is not necessary that declarations should be precisely concurrent with the act charged to have been committed; it is only necessary that they spring from it, and are made under circumstances that preclude the idea of design. Thus where one is charged with stealing a certain thing, his declarations that it was his property, made before the alleged stealing, are admissible in evidence.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Parsons*, J.

*H. N. Ogden*, Attorney General, for the State.

*Newton & Hall* for defendant and appellant.

The opinion of the court was delivered by

DEBLANC, J. The charge against defendant is "that, on the fifth of March 1877, he feloniously stole, took and carried away one small hog, of the value of five dollars, the property of James Gallagher, etc."

State vs. Thomas.

He was tried by a jury, found guilty of the charge and sentenced to hard labor in the State Penitentiary, for the space of twelve months. He attempted to obtain a new trial and to arrest the judgment, and—having failed in those attempts—he appealed to this court.

The grounds on which he bases his defence are detailed in three bills of exception and in his motion to arrest the judgment. Those grounds are:

1. That—on the trial before the jury—the State Attorney offered and was allowed to prove that defendant had altered the mark of a hog found in his possession, and that, inasmuch as such an act—if established—would constitute an offence distinct from that alleged in the indictment, the proof objected to by the accused and received by the court, was not admissible and should have been excluded.

2. That—upon the request of the State Attorney, the judge charged the jury "that though the taking may be at first innocent, yet if the taker discovers his error and persists in taking and carrying away the property, the taking may be felonious at the time the error is pointed out to, or discovered by the taker."

3. That he, defendant, offered to prove by Frank Allen, then on the stand as a witness, that—prior to the time at which it is alleged in the indictment that the hog was taken, he had asserted his ownership of said hog.

4. That—in the indictment—the hog charged to have been stolen is not described by any mark, or by its color and sex, and that its description as "one small hog," is too vague and too indefinite to have properly placed him on his defence, or to bar a subsequent prosecution.

If—as it is—that description were incomplete, its incompleteness would constitute a formal defect apparent on the face of the indictment, and defendant's objection should have been taken and urged, not—as it was—on a motion to arrest the judgment—but by demurrer and on a motion to quash the indictment, before the jury was sworn. It was too late to do so, after trial and conviction.

Revised Statutes, Sect. 1064.

There is not, in the indictment against defendant, any averment that he has altered the mark of a hog, and—as a general rule—no evidence is admissible of the commission of any other but the offence charged in the indictment. To this rule, there are exceptions, one of which is that evidence of a distinct offence, not laid in the indictment, may be given to show the intent with which the act charged was done; and—inasmuch as the altering of the previous mark of an animal tends to show the intent of converting it to one's own use, the district judge properly allowed the proof of such an alteration.

3 A. 512; 16 A. 576.

· To constitute larceny, there must be an original felonious intent, general or special, and if there be at any time no reasonable means of discovering the owner of personal property, and no belief that the owner can be found, then even a refusal to surrender the property, on the owner declaring himself does not make larceny.

Wharton, Criminal Law, 7th Edition, No. 1800, vol. 2.

In this instance, so far as we are informed by the bill of exception, the judge's charge, as to the character of the original and subsequent intent, induces the belief that—at first—the hog was taken by the prisoner, under the impression that it was his property, and that, afterwards, though his error may have been pointed out to him, or though he may have discovered his error, he—nevertheless—persisted in taking and carrying away the hog referred to in the indictment.

If there was a first and a second taking, did they occur at one place, on but one and the same occasion? Did they occur at a short interval from one another, in or out of the presence of the prosecutor? Was it openly, after a discussion between the prosecutor and the accused as to the ownership of the hog, or secretly, and after discovery by the accused that the hog did not belong to him?

If—after the taking of an animal, by one who honestly believes that he alone has a title to it, he be—but for only a moment—persuaded that he is mistaken, and turns the animal loose; but—after a careful examination of its form, its color and size, he becomes again convinced that it is his property and again takes it, the second taking is as guiltless as the first.

Either the judge's charge itself was, or the statement of that charge in the bill of exceptions is incomplete. As reported, it may be construed so as to conform to or conflict with the rule. In the doubt as to what were the views of the judge, or the expression of those views, we are unable to decide whether they were correct or incorrect. The law gives to the prisoner the benefit of that doubt.

As to the declarations of a prisoner in his own behalf, unless they form a part of the *res gestœ*, they are not admissible for the defence. It is otherwise when they are a part of the *res gestœ*. To be such, it is not necessary that the declarations should be precisely concurrent with the act under trial; it is enough if they spring from it and are made under circumstances which preclude the idea of design. It is only when the declarations are distinguishable in point of time, and are opened to the suspicion of being a part of defendant's plan of defence, that they should be excluded.

Wharton, Criminal Law, 7th Ed, 1 vol. No. 699.

In this case, the prisoner should have been allowed to prove that, prior to the time at which it is alleged that he took the hog, he had

claimed it as his own. That proof once admitted, it was for the jury to weigh, consider, believe or disbelieve it.

Wharton, Criminal Law, 7th Ed, 1 vol, No. 700.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed—the verdict of the jury set aside, and this case remanded to the lower court to be proceeded in according to law and the views herein expressed.