(74 South. 165)
No. 22313.
STATE v. BATES.
(Jan. 15, 1917. Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞942(2)—NEWLY DISCOVERED EVIDENCE—IMPEACHING TESTIMONY.
    The oral statements of a state witness made after verdict, and impeaching his own testimony 140 LA.—27

as given at the trial, furnish no legal basis for granting of a new trial.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2316, 2332.]

2. CRIMINAL LAW ☞398(1)—DEMONSTRATIVE EVIDENCE AS BEST EVIDENCE.
    Where the deceased died from a fracture of his skull, the skull itself is best evidence of the location and extent of the wound.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879–881.]

3. CRIMINAL LAW ☞665(2)—TRIAL—SEPARATION OF WITNESSES—DISCRETION OF COURT.
    The exception of a deputy sheriff from an order directing a separation of the witnesses is within the sound discretion of the court.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1550–1554, 1565.]

4. WITNESSES ☞287(4) — RE-EXAMINATION —SCOPE.
    Where a witness has been cross-examined as to certain statements made during a certain conversation, he may be re-examined on the whole conversation.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1002.]

5. CRIMINAL LAW ☞1141(2) — RULING ON EVIDENCE—EXCEPTION—AFFIRMANCE.
    Where the judge overruled an objection to certain testimony as immaterial and irrelevant, his ruling will be affirmed, when the bill of exception fails to show that the testimony had no bearing on any material or relevant issue of the case.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3015, 3022.]

6. CRIMINAL LAW ☞958(1) — APPEAL — MOTION FOR NEW TRIAL—AFFIDAVIT.
    The trial judge may disregard an affidavit annexed to a motion for a new trial, where it contradicts undisputed facts proven on the trial.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2396.]

O'Niell, J., dissenting.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Milton Bates was convicted of manslaughter, his motion for a new trial was overruled, and he appeals. Affirmed.

Ponder & Ponder, of Amite, and H. K. Strickland, of Baton Rouge, for appellant. A. V. Coco, Atty. Gen., and W. H. McClendon, Dist. Atty., of Amite (R. R. Reid and B. B. Purser, both of Amite, and Vernon A. Coco, of Marksville, of counsel), for the State.

LAND, J. The defendant was indicted for the murder of John Drohan.

The first trial resulted in a mistrial. On the second trial, the jury found the defendant guilty of manslaughter, and recommended him to the mercy of the court.

The defendant filed a motion for a new trial, which, after a hearing, was overruled, and thereupon the defendant was sentenced to imprisonment at hard labor in the state penitentiary for not less than 7 years and for not more than 16 years.

The defendant has appealed, and relies for reversal on several bills of exception.

The bill relating to the competency of a certain juror has been abandoned.

[2] The bill relating to the offer by the state of a part of the fractured skull of the deceased is without merit.

The skull was the best evidence of the location and extent of the fracture, and was offered to correct any variance in the descriptions of the fracture by the physicians who testified on the trial of the case. The same skull had been produced in court on the first trial.

[3] The bill relating to the exception of a certain deputy sheriff from an order for the severance of the witnesses was not well taken. The judge states that "it is a rule of court that all court officers are exempt from an order of severance."

We know that this is the usual practice in district courts. The matter of separation of witnesses is one in the sound discretion of the trial judge.

[4] Another bill recites that Fendlason, a deputy sheriff, a state witness, was asked on cross-examination by defendant's counsel if on a certain occasion he had a private conversation with one Harrell; that the witness replied, "No," that he had no recollection of it; did not think he had; that counsel for defendant then asked the witness if he did not on that occasion take Harrell off to themselves and offer him $10 and his expenses if he would swear that he heard the defendant say that he had killed John Drohan, and that the witness replied, "No," he did not; there was no such conversation.

On his re-examination the witness stated that on the occasion referred to he talked with Harrell in the presence of others, and if they got slightly apart from the crowd, he did not recollect it.

Defendant's counsel objected to the witness stating any conversation he had with Harrell other than the private conversation referred to in the cross-examination. This objection was properly overruled. There was but one conversation, and evidence as to all that was said at the time was relevant and pertinent to the subject-matter of the cross-examination. Marr's Crim. Juris. of La. p. 743.

[5] Another bill relates to a question propounded by the prosecution to Mrs. Drahon, the mother of the deceased, as to the difference in the condition of the deceased when brought home at the time of the homicide, and when previously brought home in an intoxicated condition. Defendant's counsel objected on the ground that the matter was immaterial and irrelevant, and called for the opinion of the witness. The court overruled the objection, at the same time instructing the witness not to give any opinion, but to describe the physical difference, if any, there was.

The witness answered that on the former occasion the deceased was limber and on the last occasion, was stiff.

It is impossible for us on the meager showing made by the bill of exception to say that the testimony was immaterial and irrelevant. It may have been pertinent to some issue in the case. The judge ruled that the evidence was relevant and material, and the bill mere-

ly alleges the contrary. The presumption is that the ruling was correct.

[6] The defendant filed a motion for a new trial on several grounds which was overruled by the judge in a per curiam setting forth the facts of the case and the reasons for his action.

No evidence was offered on the trial of the motion for a new trial, but several affidavits were filed therewith to support the grounds of newly discovered evidence.

The first ground is that Fred Crawford, the only eyewitness for the state, the day after the conviction of the defendant, stated to several persons:

"Well Red Bates was convicted, but ought not to have been."
"Because he did not kill John Drohan, but I know who did kill him."

This ground is supported by the affidavits of four men giving time and place of the statement. The motion for a new trial represents that Crawford on the next day disappeared for parts unknown.

The second ground is supported by the affidavit of one Murry Brumfild to the effect that Easley and Drohan were cursing each other, and Easley hit Drohan on the head with a quart bottle and knocked him down; that Drohan jumped up and they clinched, and both fell together; that Varnado and the defendant went over to separate them; that both Easley and Drohan were drunk; and that Fendlason, the city marshal, picked them both up and put them in a car.

The last affidavit may be disregarded on the ground that the motion discloses no diligence whatever to discover the witness, and to secure his attendance on the second trial of the case. Moreover, the statements in the affidavit are contradicted by the undisputed testimony in the case as shown by the following extract from the reasons assigned by the trial judge:

"All the testimony showed that John Drohan, the deceased, had been with a number of young men, including defendant, at or near a negro dance hall in the upper part of the town of Kentwood, nearly all afternoon; that deceased and Tom Easley, another youth, were in a fisticuff fight, with deceased on top beating Easley, when, this being reported to defendant, Bob Varnado, a deputy sheriff at that time, and several others, who were about 75 yards away, they went down there and separated them, or rather pulled Drohan off Easley."

As to Fred Crawford, witness for the prosecution, the judge states that he testified that Drohan stood up and Easley remained on the ground; that Drohan said, "You Southern sons of bitches can't run it over me;" whereupon Bates struck him a swinging blow on the head and he fell, and that Varnado and the defendant, close personal friends, who had been jointly charged before with felony, denied Crawford's statement.

The judge further stated that the evidence recited by him showed that the fracture could not have been caused with the naked fist, and that the testimony convinced him, and convinced the jury, that the defendant struck deceased with some blunt instrument, which was unseen by any of the witnesses who could tell what it was, and thereby caused his death.

The judge stated that Crawford as a witness was hostile to the state; and his examination disclosed that on the trial of the case he went back of his statement before the coroner's jury, that the defendant had something in his hand when he struck Drohan.

[1] The question before us is whether the judge below erred in holding that Crawford's verbal statements after the conviction of the defendant did not warrant the granting of a new trial.

The only legal effect of such statements is to impeach the credibility of the witness, and it is settled beyond controversy that a new trial will not be granted for any such purpose. Marr's Crim. Juris. of La. p. 830, note (c).

In a stronger case where a state witness

testified that his statements on the trial were false, and were coerced by threats, we held that the overruling of the motion for a new trial based on such testimony was within the sound discretion of the trial judge. State v. Doyle, 138 La. 350, 70 South. 322.

In this case we have the mere say-so of the state witness, who the next day "disappeared for parts unknown," as alleged in the motion for a new trial.

Judgment affirmed.

O'NIELL, J., dissents.