ST. PAUL, J.
' The defendant was convicted of stealing six hogs, the property of one Francois .I-Iebert. His appeal present^ three bills of exception.
Bill No. 1.
The trial judge admitted the testimony of one Bill -Limley 'over the objection of defendant that same was irrelevant. That testimony tended to show that, about the time when the hogs were stolen, defendant was in the woods near which the stolen hogs ranged, with a wagon, a gun, and dogs, and that about three weeks afterwards the witness found other hogs dead and decomposed, and tied together by their hind legs. This evidence was admissible to show the presence of accused at the time and place at which the hogs were stolen and his purpose in being there. It was for the jury to weigh such evidence and give it such effect as to them seemed proper along with other circumstances which might or might not show the guilt of the accused.
Bill No. 2.
The trial judge permitted one J. H. Adams to give testimony over defendant’s objection that said Adams, was present in court when other witnesses testified, although the witnesses had been ordered sequestered.
In this ease the trial judge says he was convinced that the state had not originally intended to use this witness, who came in after the trial began, and whom he knew to be a man of character and intelligence, not likely to be influenced by the testimony of others.
But in any event it was, after all, a matter “entirely within the discretion of the court” whether to allow the witness to testify under the circumstances. State v. Ford, 37 La. Ann. 443, 463; State v. Jones, 47 La. Ann. 1524, 1532, 18 South., 515. It has even been held that it is still within the discretion of the court to permit a witness to testify who had remained in court even in violation of the order sequestering the witnesses. State v. Hagan, 45 La. Ann. 839, 840, 12 South. 929; State v. Gore, 15 La. Ann. 79, 80. The rule is a proper one; a party, not himself at fault, should not be deprived of the benefit of testimony to which he is entitled, by the inadvertence or misconduct of a witness; and it is more especially advantageous to an accused, who might under such circumstances, be deprived of substantial testimony by witnesses-who might thus inadvertently or even -deliberately disqualify themselves to give testimony in his behalf.
Bill No. 3.
The ft-ial judge admitted testimony that other hogs were found in the pen where the stolen hogs were placed upon which the marks had been recently changed, as had those upon the stolen hogs. The objection was that such testimony might tend to show that defendant was guilty of stealing other hogs, for which he was not on trial.
The accused claimed that the hogs which he was charged with stealing were his own; and, to meet the possible contention that “one who takes property * * * under a mistaken but honest belief that it was his property is not guilty of larceny” (State v. Thomas, 30 La. Ann. 600), the state offered this testimony “to show that the same method was used to convert the evidence of ownership in 'the case of the Adams hogs as was used in the case of the hogs of Francois Hebert.” Whereupon the trial judge admitted the evidence “for the reason that he (the ac *141 cused) was less likely to be mistaken in two cases than in one, and therefore that his intent was felonious.”
It was certainly competent for the state to show, by whatever evidence it had at command, that the possession and marking of the alleged stolen hogs was with felonious intent and not in the bona fide belief that the hogs were his own, and the fact that the accused had in his possession other hogs not belonging to him, and similarly re-marked, certainly tended to lessen the probability of any mistake on his part.
The fact that such evidence might also tend to show the accused guilty of some other offense did not of itself make the evidence inadmissible.
In State v. Anderson, 120 La. 331, 45 South. 267, this court said:
Syl: “An offense, other than that for which the accused is being trie'd, ’ may be proved as •part of the res gestse; or as tending to establish the offense charged.” '
In State v. Hammons, 137 La. 854, on page 859, 69 South. 277, 278, this court held that evidence of other offenses committed by the accused might be admitted if they tended to show intent or system on the part of the accused in the particular crime charged; and the court quoted with approval from Wharton’s Commercial Evidence as follows:
“Another defense frequently raised is accident or mistake. Now, accident or mistake, considered with regard to crime, is the exact reverse of intent, the absence of one being indubitable proof of the presence of the other. As a consequence of the nature of this defense, evidence that goes to prove intent on the part of the accused is admissible in rebuttal, notwithstanding * * * that it proves another crime. * * * ”
In State v. Thomas, 30 La. Ann. 600, where the accused was charged with stealing a hog, evidence that he had altered the mark on the hog was held admissible to show intent, although such changing of the mark constituted another and separate offense under section 3 of Áct 8 of 1870, Extra Session, p. 50.'
We see no error in the admission of this evidence. ,
Decree.
•The Judgment appealed from is therefore affirmed.
O’NIELL, C. J., and ROGERS, J.', dissent from the ruling on Bill No. 3.-