## Santiago Martinez v. The State.

No. 7887.    Decided December 5, 1923.

### 1.—Statutory Rape—Witness under Rule—Police Officer.

This court knows of no authority holding that police officers, by reason of such office, are entitled to be excused from the witness rule. However, abuse of the court's discretion will not be presumed, but must be shown, and it appearing from the record that the witness was sent from the room, when testimony was being given which might affect the witness, there was no reversible error. Following Jones v. State, 3 Texas Crim. Rep., 150, and other cases.

### 2.—Same—Remarks by Court in Presence of Jury.

There being a direct conflict between appellant and the interpreter witness, it was clear that the court's expression of his confidence in the latter and of the fact that his presence in court would be a protection both to the State and the defendant when the witness was asked to go under the rule, the same was reversible error, it appearing that the remarks were made in the presence of the jury, although addressed to the defendant's counsel.

### 3.—Same—Bills of Exception—Evidence.

Where no facts were stated in the bills of exception from which injury appeared, nor did it appear that the court denied to defendant the same opportunity to hear both by himself and by the interpreter to what was being testified to by the prosecutrix, there is no reversible error.

### 4.—Same—Interpreter—Witness—Practice in Trial Court.

In the absence of any partiality shown or of any unfairness on the part of the interpreter, no reversible error is shown by the objection to

the interpreter because he was a material witness for the State. However, where there was another interpreter available, it would have been the better practice to select him under the facts of the instant case.

### 5.—Same—Evidence—Bill of Exceptions.

Appellant's motion to strike out the testimony of prosecutrix because not correctly interpreted as represented in the bill of exceptions, is not supported by the proof, and there is no reversible error.

### 6.—Same—Remarks by Trial Judge—Practice on Appeal.

The remarks of the trial judge to counsel, complained of in the bill of exceptions, will doubtless not be made upon another trial, and will not be further discussed.

### 7.—Same—Evidence—Physician's Examination.

That a physician examines a person under arrest and thereafter testifies to his discovery of a venereal disease is not violative of the rule against compelling one to give testimony against himself.

### 8.—Same—Evidence—Hearsay.

The statement of the child injured, out of the presence and hearing of the defendant and two days after the alleged assault, and after associating with others, should not have been admitted in evidence.

### 9.—Same—Confessions—Interpreter.

In the absence of some showing of threats or of intimidation or other misleading methods on the part of the interpreter or assistant district attorney, such alleged confessions would not be inadmissible simply because same were made in response to questions, especially where the question of voluntary confession was submitted to the jury.

### 10.—Same—Evidence—Acts of Other Parties.

The testimony of witnesses that they had observed appellant and the mother of prosecutrix in a compromising position, etc., or that she had intercourse with other men than her husband or with appellant, was inadmissible.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of statutory rape; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Virgil Parker, S. S. Beene, Milton M. Heath,* and *Frank R. Graves,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of statutory rape in the Criminal District Court of Tarrant County, and his punishment fixed at fifty years in the penitentiary.

The parties to the transaction were all Mexicans, the prosecutrix being a little girl eight years of age and appellant a young Mexican

twenty years old. Prosecutrix testified that twice on the 17th of September 1922 appellant penetrated her person to a limited degree with his privates, one occasion being in a car and the other near her mother's home. It was shown by the State's testimony that from some cause the child soon thereafter developed a severe case of gonorrhea. Physicians who examined appellant's person when arrested testified that he was afflicted with said disease. A confession of the appellant taken while in jail through an interpreter, was admitted.

The State relied in part on said written and signed confession of the appellant. It is made to appear that he is unable to speak or to read the English language. Soon after being placed in jail an assistant district attorney of Tarrant County sent for appellant, brought him to his office and there took the alleged confession, aided by a man named Tepfer who was shown on the trial to be at that time a police officer in the city of Fort Worth. The alleged confession was entirely in answer to questions propounded in English by said attorney, same being translated by Tepfer into Spanish or Mexican, and the answers of appellant being given in that language and in turn translated by Tepfer into English and then written down by said attorney. When completed said confession thus written in English was read in Mexican to appellant by Tepfer. Appellant then signed the document, Tepfer signing as a witness. Tepfer was present as a witness for the State upon this trial apparently for the purpose of establishing the fact of the fairness and correctness of said confession. The truthfulness of the statements in said confession as well as the fairness and correctness in the interpretations of his answers were challenged by appellant while a witness in his own behalf. The rule was invoked as to all the witnesses by the appellant. Tepfer was excused from the rule over objection. The bill evidencing this matter is qualified by the statement of the learned trial judge to the effect that Tepfer was an officer and was only permitted to remain in the room a part of the time and when any witness was giving testimony about which Tepfer could possibly know, he was sent out of the room. We know of no authority holding that police officers by reason of such office are entitled to be excused from the rule. The contrary seems true. Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 351. In such case, however, abuse of the lower court's discretion will not be presumed, but must be shown, and it appearing without dispute that when any matter was being given in testimony about which Tepfer could have known, he was sent from the room, such abuse of discretion does not appear. It is stated that the purpose of the rule is to prevent the testimony of one witness from being influenced by that of another. Jones v. State, 3 Texas Crim. App., 150; McMillan v. State,

7 Texas Crim. App. 142. If the court in fact sent the witness out when any matter relative to said confession was being introduced, this would seem to serve the purpose stated. Tepfer was not a witness to the transaction itself but to appellant's confession only.

Bill of exceptions No. 2 shows that when objection was made to Tepfer being excused from the rule the trial court said in the presence of the jury:

"I want the record to show that Mr. Tepfer is and has been for several years a peace officer; that the court has confidence in him as an interpreter and the court requested said Tepfer to remain in the court-room and to communicate to the court if at any time there is any misinterpretation made of the testimony by any interpreter and and it is for the purpose of safeguarding the rights of the defendant and of the rights of the State that the said witness is permitted by the court to remain in the court room; not for the purpose of assisting the prosecution but for the purpose of assisting the court in seeing to it that the jury gets nothing but the truth."

Exception was reversed to said statement on the ground substantially that Tepfer's correctness and impartiality in interpreting the questions and answers constituting the alleged confession, would be very material and that the court's statement of his confidence in Tepfer as an interpreter and that his presence as such would be beneficial both to the State and the defendant, was prejudicial. As a matter of fact when appellant took the stand he emphatically denied both the correctness and the fairness of Tepfer's interpretation as involved in the making of said confession, and swore that he did not make the statements in Mexican to Tepfer which appear in English in said confession. By the terms of Article 787 of our Code of Criminal Procedure the trial judge is expressly forbidden to make any remark calculated to convey to the jury his opinion of the case. This is held to forbid any expression of his opinion as to the credibility of any witness. Taylor v. State, 38 Texas Crim. Rep., 241; Scott v. State, 64 Texas Crim. Rep., 615, 160 S. W. Rep., 963; Caruth v. State, 77 Texas Crim. Rep., 150, 177 S. W. Rep., 973; McMahon v. State, 61 Texas Crim. Rep. 489. Manifestly it would forbid any expression of the court's opinion as to the reliability or correctness of an interpreter whose acts as such were made an issue before the jury. There being a direct conflict between appellant and said interpreter, it would seem clear that the court's expression of his confidence in the latter, and of the fact that his presence in court would be a protection both to the State and the defendant must necessarily be held by us erroneous. It would seem to put all of the authority of the court's position and opinion behind the testimony of the interpreter. The fact that the court told the jury that he was talking to the lawyers and not to them does not seem to us to at all

remedy the error, nor could it suffice to withdraw from the jury's recollection the fact that in their presence the court had expressed his confidence in the correctness of the interpreter.

The matters presented in bills of exception Nos. 3 and 4 will not be discussed, as upon another trial they will not likely occur. We merely observe that no facts are stated in said bills from which injury appears, nor does it seem the court denied to appellant the same opportunity to hear both by himself and interpreter of his own choice, what was being testified by prosecutrix,—as was accorded the State's attorney and the interpreter selected by the court.

The court selected one Mullins as interpreter when the case began. It is shown in bill of exceptions No. 5 that he could not perfrom this service and the court announced that he was going to use the witness Tepfer. To this appellant objected because Tepfer was a material witness for the State. This court has never held that one who was a witness in the case was thereby disqualified from acting as interpreter and to lay down such a rule might in some cases work great hardship. Brown v. State, 59 S. W. Rep., 118, seems the first case accessible in which we passed on the question direct and we there held that one who was a witness being the only available interpreter, and it not being shown that he did not fairly interpret, no error appeared. In Ramos v. State, 35 S. W. Rep. 378, the question of unfair interpretation was raised in the motion for new trial, but was held unsupported by any facts. In Sellers, et al. v. State, 61 Texas Crim. Rep. 142, the matter was again raised in motion for new trial, and while this court intimates that one occupying the position of a prosecuting witness should not act as interpreter, yet in the absence of a showing of partiality and that there were others available as interpreters who had no interest in the case, we declined to reverse. The rcord before us reflects no supporting proof of unfairness on the part of Tepfer, but in view of the fact that it is shown that other interpreters were available, and further that there was a sharp clash between the testimony of appellant and Tepfer on the issue of the correct and fair interpretation by Tepfer of appellant's statements which constituted the alleged confession, we suggest that on another trial under similar facts another interpreter be used. The State should avoid any imputation of unfairness and especially is this true in dealing with those who are ignorant of our language and customs.

Appellant's motion to strike out the testimony of prosecutrix because not correctly interpreted, as presented in bill of exceptions No. 6, was not supported by proof. It elsewhere appears that appellant had present at the trial persons competent to understand and interpret. Doubtless if incorrect interpretation of questions and answers had been given on the trial same would have been perceived by said

private interpreters, and the claim of appellant set forth in this motion would have been supported by affidavits or oral testimony.

The remarks of the trial judge to counsel complained of in bill of exceptions No. 7 will doubtless not be made upon another trial and will not be further discussed.

That a physician examines a person under arrest and thereafter testifies to his discovery of a venereal disease, is not violative of the rules against compelling one to give testimony against himself.

If on another trial it should appear that the statement of the child to her mother as set out in bill of exceptions No. 9 was out of the presence and hearing of appellant and that same was made two days after the alleged assault, and that during the time the mother and child had associated together, the testimony would become mere hearsay and should not be admitted.

In the absence of some showing of threats or intimidation or other misleading methods on the part of the interpreter or the assistant district attorney, we would not be inclined to hold the alleged confession inadmissible simply because same was made in response to questions. The testimony seems fairly to support the proposition that the matters contained in the confession, while given in answer to questions, were voluntarily stated by the appellant. The learned trial judge submitted to the jury the question of whether or not said confession was voluntarily made, and told them if it was not made freely and voluntarily, or if any incorrect interpretation thereof appeared, or if the appellant did not understand same or signed something different from what he thought he was signing, that the confession should not be considered by the jury in determining their verdict. We do not deem the matters set out in appellant's bills of exception Nos. 14 and 15 to present any error.

The testimony of witnesses that they had observed appellant and the mother of prosecutrix in compromising positions is not of evidential force in settling any issue fairly raised in this case. Nor do we believe it permissible to prove that the mother of prosecutrix had had intercourse with some other man than her husband, or with appellant.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*