19 So.2d 41

**STATE v. CARTER.**

No. 37438.

June 26, 1944.

Rehearing Denied July 14, 1944.

Maurice R. Woulfe, of New Orleans, and E. R. Stoker, of Baton Rouge, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., Dewey J. Sanchez, Dist. Atty., Jimmie R. Major, Asst. Dist. Atty., both of Baton Rouge, and Fred S. LeBlanc, Atty. Gen., and M. E. Culligan, Asst. Atty. Gen., for appellee.

HIGGINS, Justice.

The accused was charged in a bill of information, in the first count, with feloniously attempting to murder D. F. Goodwin, a deputy sheriff of East Baton Rouge Parish, and, in the second count, with attempting to murder B. E. Norwood, also a deputy sheriff, on December 25, 1942. After certain pleas were overruled, there was a trial on the merits resulting in a verdict of "Guilty as charged." He was sentenced to five years at hard labor in the State Penitentiary, on each count, the sentences to run concurrently.

The defendant appealed and relies upon twelve bills of exception for the annulment of the verdict and the sentences.

Bills of exception Nos. 3, 5, 6, 7, 8, 9 and 10 were reserved to the court's ruling in refusing to exclude three deputy sheriffs and special investigators of the District Attorney's office from the courtroom during the trial and overruling the accused's motion that they be sequestered with the other witnesses, and permitting them to testify in chief and rebuttal over the defendant's repeated objections.

Article 371 of the Code of Criminal Procedure is as follows:

"The judge may, at any stage of the trial, order the sequestration of the witnesses. As soon as such order shall have been given it shall be the duty of the sheriff to take charge of the witnesses and to remove them to a place where they shall not be able to see or hear any of the proceedings taking place in court. Nor shall there be, while they shall be sequestered, any communication between them and others or between them and any witness who shall have testified. Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt; provided, that the judge may in all cases, in his discretion, permit any witness to testify; provided, further, that the issuance of such order shall not deprive either party of the right of calling or examining as a witness one who shall not have obeyed the order

of sequestration, when such party shall show that the witness remained in court or otherwise disobeyed the order without the knowledge and without the connivance of the party calling him."

The entire per curiam of the trial judge on these bills is as follows:

"Counsel for defendant moved for a sequestration of the witnesses in this case. As I understand the law, the ordering or refusing to order sequestration of the witnesses is within the sound discretion of the Court.

"The Court ruled and ordered a sequestration of the witnesses except the Court ordered that the rule would not apply to the deputy sheriffs nor to the special investigators of the District Attorney's office.

"The accused was charged with the attempted murder of two deputy sheriffs, Messrs. Goodwin and Norwood. Although the Court refused to apply the rule to the other deputy sheriffs, the Court did exclude from the court room and include in the rule the two deputies whom the defendant attempted to murder."

In the case of State v. Wheeler, 173 La. 753, 755, 138 So. 656, 657, the exception was reserved to the court's ruling in permitting, over defendant's objection, a witness to testify, who had remained in the courtroom after testifying under direct and cross-examination, and was recalled by the State, to rebut the testimony of the defendant, the court having previously ordered the witness sequestered. After citing Article 371 of the Code of Criminal

Procedure, in upholding the district court's ruling, the Court stated:

"The italicized proviso of the quoted article of the Code of Procedure is specific and unambiguous. It provides that whether or not a witness shall be permitted to testify, under the circumstances presented in this bill of exception, is a matter which is addressed to the sound discretion of the court. In the absence of a showing that the ruling complained of was arbitrary and unreasonable, the exercise of the trial court's discretionary powers is beyond the control of the appellate court. There is no such showing here. On the contrary, the court's per curiam to the bill is not questioned. It is as follows:

" 'Corporal Curren, the witness in question, remained in the court room after having testified as a witness for the state. He was recalled by the state after the defendant rested her case.

" 'I am certain that the defendant suffered no injury in my permitting the said witness to testify. I am of the opinion that I reasonably exercised the discretion granted me in Code of Criminal Procedure, article 371.

" 'After permitting the recall of the witness, I offered the defendant through her counsel, the opportunity of cross-examining him, and of calling other witnesses.'

"We therefore find that the ruling complained of is correct. It is supported by the following recent decisions of this court, viz. State v. Sisemore, 151 La. 675, 92 So. 274; State v. Keife, 165 La. 47, 115 So.

363; State v. Wilson, 168 La. 903, 123 So. 614."

See also C.J.S. [Criminal Law], Vol. 23, page 377, par. 1010, page 381, par. 1011; Freddy v. State [89 Tex.Cr.R. 53] 229 S.W. [533], 534.

 It is clear that the trial judge does not have an absolute and unreviewable discretion, under the above quoted article. If district courts could make rules and rulings that would in effect nullify the provisions of the article, the right granted to the accused therein would be a useless and vain one. If the discretion vested in the trial judge is arbitrarily and unreasonably exercised to the prejudice and injury of the defendant in obtaining a fair and impartial trial, his action in that respect should be set aside by granting a new trial.

 In the instant case, the defendant, a colored man, was charged with attempting to murder two white deputy sheriffs. His plea was self-defense. The two deputies who were assaulted and who were excluded from the courtroom, on the defendant's motion, testified that they were shot by the accused without any cause or provocation. The defendant, on the other hand, testified that he shot at the deputies with one of their own guns after being compelled to disarm them in order to save his own life, after he had been severely and brutally beaten by one of the deputies with the gun. The three deputy sheriffs and district attorney's investigators were permitted to remain in the courtroom during the entire trial, although counsel for the defendant, in his motion for a sequestration before the trial started, apprised the judge of the fact that these witnesses would be used against the accused and would testify to purported verbal admissions said to have been made by the defendant. The purpose of removing the witnesses from the courtroom to a position where they could neither hear nor see what was taking place in the trial, is to have them testify to what they know in a truthful and accurate way and to prevent a witness from being guided and influenced by the testimony of the others. Collins v. State, 77 Tex.Cr.R. 156, 178 S.W. 345, 351; State v. Brookshire, 2 Ala. 303; Roberts v. State, 122 Ala. 47, 25 So. 238.

In Ray v. Com., 241 Ky. 286, 43 S.W. 2d 694, at page 696, the Court said:

"The other ground for reversal is meritorious, and it is sustained. It is this: Before the attorney for the commonwealth stated the case to the jury, the defendant requested of the court that the witnesses be put under the rule and excluded from the courtroom. * * *

"The case of Roberts v. State, 100 Neb. 199, 158 N.W. 930, 932, Ann.Cas.1917E, 1040, is a case in many respects like this, and in the opinion reversing the judgment it is said:

" 'The defendant demanded that the state's witnesses be separated so as not to hear each other's testimony. * * * In our state it has been considered to rest in the discretion of the trial court. This court has said that the practice of so separating the witnesses "is a good one, as it tends to elicit the truth and promote the ends of justice." ' * * *

"We are not saying the witnesses against Charley Ray have testified falsely, but we do say that under the peculiar facts of this case it was an abuse of discretion to overrule the defendant's motion, and for that error this judgment is reversed."

In Martinez v. State, 96 Tex.Cr.R. 138, 256 S.W. 289, 290, the Court stated:

"The rule was invoked as to all the witnesses by the appellant. Tepfer was excused from the rule over objection. The bill evidencing this matter is qualified by the statement of the learned trial judge to the effect that Tepfer was an officer, and was only permitted to remain in the room a part of the time, and, when any witness was giving testimony about which Tepfer could possibly know, he was sent out of the room. We know of no authority holding that police officers by reason of such office are entitled to be excused from the rule. The contrary seems true. * * *"

In Holder v. State, 136 Fla. 880, 187 So. 781, at page 782, it was held:

"The matter of excluding witnesses from the inquest and making exceptions to the rule invoked is within the discretion of the presiding judge, but, we think, that in the circumstances reflected by the bill of exceptions there was an abuse of it in this case. It was a distinct advantage to the State to let this witness hear and observe other witnesses and then testify himself, an advantage to prevent which the rule was put into force. No excuse whatever for excepting him appears in the record."

■ It was unquestionably a distinct advantage to the State and a disadvantage to the defendant for three of the State's witnesses to remain in the courtroom and hear the testimony of both the State's and the defendant's witnesses who preceded them on the stand before they gave their testimony in rebuttal. The trial judge does not assign any reason why he overruled the defendant's motion for the sequestration and the exclusion of these witnesses from the courtroom but simply states that the law granted him the discretion to do so. He also overruled the defendant's objections to these witnesses testifying, in chief, and rebuttal on the ground that he had the discretion to permit them to remain in the courtroom.

It is our opinion that our learned brother below erred in exercising his discretion as he did, under the facts and circumstances of this case, and that the accused suffered serious injury and prejudice to his substantial rights as a result thereof. The very essence of the case was whether or not the accused shot the deputy sheriffs without provocation or in self-defense. The ruling of the trial judge in permitting these three witnesses to remain in the courtroom and hear and see what transpired, for all practical purposes deprived the accused of his right to cross-examine them.

Counsel for the State rely upon the case of State v. Bates, 140 La. 833, 835, 74 So. 165. In that case the defendant was charged with murder and convicted of manslaughter. A complete statement of the court with reference to bill of exception No. 3 is, as follows:

"The bill relating to the exception of a certain deputy sheriff from an order for

the severance of the witnesses was not well taken. The judge states that 'it is a rule of court that all court officers are exempt from an order of severance.'

"We know that this is the usual practice in district courts. The matter of separation of witnesses is one in the sound discretion of the trial judge."

■ We do not think that under the provisions of Article 371 of the Code of Criminal Procedure district judges have the right to make a rule of court that all court officers are exempt from the order of sequestration of witnesses regardless of the importance of the witness' testimony in the case. If this were true, then the trial judges, by making such a rule of court, could, to a great extent, nullify the provisions of the above article and, in certain instances, deny the defendant a fair and impartial trial. We reiterate, the article does not give a judge an absolute and unreviewable discretion but one that must be exercised in such a way as not to deprive the accused of his right to a fair and impartial trial.

To the extent that the above cited case is in conflict with our ruling in the present one, it is overruled.

■ Bill of exception No. 1 was reserved when the trial judge overruled the defendant's motion to quash the information, and Bill of exception No. 4 was reserved when the trial judge declined to force or require the State to elect under which count of information it intended to place the accused on trial. The State takes the position that the motion to quash was not specific enough to cover the contention

that the defendant committed two distinct offenses and should be charged in separate informations with each of them. On the question of election, the district attorney argues that the defendant's motion was filed too late.

In the case of State v. Cannon, 185 La. 395, 169 So. 446, 447, this Court said:

"* * * But the killing of each was a separate homicide, a separate crime, and since the repeal of article 218 of the Code of Criminal Procedure by Act No. 153 of 1932, it was necessary that two separate indictments be returned if the state intended to prosecute this defendant for each homicide. The repeal of article 218 of the Code followed the decision in the case of State v. Roberts, 170 La. 727, 129 So. 144, 145. The law in this respect is now the same as it was formerly, which is that:

" 'The fact that a person commits several separate and distinct crimes at the same time, or in immediate, consecutive order, is no reason why he should not be indicted and tried for each of said crimes. This rule is so universally recognized and applied that any citation of authority would be superfluous.' It matters not what pleas may have been entered by Cannon in the other case or what rulings may have been made thereon or what the final result may have been (or may yet be under his application to the United States Supreme Court for writs); he is entitled in the present case, when and if it is called up for trial by counsel for the state, to enter all such pleas and to ask for all such relief as the law allows, even though both cases arose out of one and the same continuous

transaction. The reason is that in law the two crimes are separate and distinct."

In view of the above holding, it is apparent that if the defendant's motions to quash and elect were drawn properly and filed timely, he would be entitled to relief. It is not necessary for us to further consider these issues because we have concluded that reversible error was committed with reference to the first series of bills considered. Upon a new trial, the complaints and questions presented by bills Nos. 1 and 4 and the other bills herein may not again arise.

For the reasons assigned, the verdict of the jury and the sentences of the court are annulled and set aside, and the defendant is granted a new trial.

PONDER, J., takes no part.

O'NIELL, Chief Justice (dissenting).

I respectfully dissent from the ruling on the bills of exception numbered 3, 5, 6, 7, 8, 9 and 10. They have reference to the rulings of the judge refusing to exclude from the courtroom during the trial of the case four of the State's witnesses. One of them was a special investigator for the district attorney's office and the three others were deputy sheriffs. The judge did exclude from the courtroom the two prosecuting witnesses, Goodwin and Norwood. They were the two deputy sheriffs whom the defendant was accused of attempting to murder. The judge merely exercised the discretion which is expressly vested in him by article 371 of the Code of Criminal Procedure when he refused to exclude the three other deputies and the special investigator for the district attorney's office. The article provides that the judge may in all cases, in his discretion, allow any witness to remain in the courtroom during the trial and to testify as a witness in the case.

Referring now to bill of exceptions No. 4, article 226 of the Code of Criminal Procedure declares that a motion to compel a district attorney to elect on which charge of an indictment he will proceed "can be made only before the trial begins." Article 332 provides: "The trial begins the moment the first juror is called for qualification," et cetera. According to the per curiam attached to this bill of exceptions the jury had been selected and impaneled, and the bill of information and the defendant's plea thereto had been read to the jury, at the time when his attorney moved to compel the district attorney to elect on which count in the bill of information he would proceed. The motion was made verbally in open court. The fact that the defendant's motion to compel the district attorney to elect was filed too late to be entitled to consideration, under the terms of article 226 of the Code of Criminal Procedure, was a sufficient ground for overruling the motion. But I do not concur in the pronouncement that, from the ruling made in State v. Cannon, 185 La. 395, 169 So. 446, it is apparent that the defendant in the present case would have been entitled to the relief prayed for in his motion if it had been filed before the trial began. Article 218 of the Code of Criminal Procedure, which article was repealed by Act No. 153 of 1932, did not deal with the

subject of the motion to compel the district attorney to elect on which charge he will proceed; neither did the decision in State v. Cannon deal with that subject.

## On Application for Rehearing.

### PER CURIAM.

In this case, the trial judge issued an order that the witnesses for both the State and the defense be put under the rule, or sequestered, but excepted from the rule three deputy sheriffs and another individual, who was connected with the district attorney's office as an investigator. Counsel for defendant repeatedly insisted that these, like the other witnesses, should be ordered to remain out of the courtroom during the progress of the trial. Counsel for defendant excepted to the ruling of the court refusing to order these deputies and the investigator to remain out of the courtroom during the progress of the trial.

Article 371 of the Code of Criminal Procedure provides that the judge may at any stage of the trial order the sequestration of witnesses, and contains the following clause:

"Provided, that the judge may in all cases, in his discretion, permit any witness to testify."

The trial judge assigned no specific reason why his order putting the witnesses under the rule should not apply to the three deputies and the investigator. In his per curiam he said: "As I understand the law, the ordering or refusing to order sequestration of witnesses is within the sound discretion of the court."

We held in this case that the discretion of the trial judge in ordering the witnesses sequestered or in refusing to do so is not absolute, but must be exercised reasonably. We said: "We reiterate, the article [Article 371 of the Code of Criminal Procedure] does not give a judge an absolute and unreviewable discretion but one that must be exercised in such a way as to not deprive the accused of his right to a fair and impartial trial."

The sole question involved in the case is whether the judge abused his discretion in permitting the three deputies and the investigator to remain in the courtroom. Counsel for the State on application for rehearing say in their brief at page 18:

"With all due deference, we ask the Court, in view of the decision in the instant case, is it the intention of the Court to overrule the decisions in all of the foregoing six cases? It goes without saying that if the ruling in the instant case is correct, then the ruling in the foregoing six cases is incorrect, and they all should be overruled."

They seem to think that the effect of our ruling in the present case is to overrule the settled jurisprudence of the state to the effect that the sequestering of witnesses in criminal trials or the refusal to order them sequestered is a matter which addresses itself to the sound discretion of the judge. Counsel cited innumerable cases where that general principle has been announced by this court. We did not intend to overrule, nor did we overrule, the previous cases announcing that general rule. What we held was that in this case

the trial judge abused his discretion, and stated that in our opinion the ruling of the trial judge resulted in serious injury to the defendant. After further consideration of all the facts and circumstances connected with this case, and further consideration of the jurisprudence, we adhere to our ruling.

We have carefully read all of the cases cited by counsel for the State in their brief on application for rehearing, and we find that in practically every one of them the trial judge stated in his per curiam a specific reason for his ruling.

In State v. Miller, 154 La. 138, 97 So. 342, the judge permitted a witness to give testimony over defendant's objection that the witness was present in court when other witnesses testified, although the witness had been ordered sequestered. The trial judge said in his per curiam that he was convinced that the State had not originally intended to use the witness, who came into the courtroom after the trial began and whom he knew to be a man of character and intelligence, not likely to be influenced by the testimony of others. This court held that it was entirely within the discretion of the court to allow the witness to testify under the circumstances.

In State v. Huff, 144 La. 318, 80 So. 551, it was held that, in a prosecution for assault to rape, it was within the discretion of the trial judge to allow prosecutrix's husband to remain with her in the courtroom while all other witnesses were excluded.

In State v. Schuermann, 146 La. 110, 83 So. 426, a witness, after having testified, was permitted to remain in the courtroom, the judge not knowing and the witness not knowing that the witness would be called in rebuttal. When the witness was called in rebuttal by the State, the defense objected, and the judge permitted him to testify. This court held that there was no error in the ruling.

In State v. Thomas, 161 La. 1010, 109 So. 819, 821, the witnesses were put under the rule, but a deputy sheriff was excused from the rule and was permitted to testify to a confession made by the defendant. Counsel for defendant objected, and this court said:

"It was a matter within the sound discretion of the trial judge, who cannot be compelled to tie up the business of the court during a murder trial by placing the officer necessary for its operation under rule." Citing State v. Bates, 140 La. 833, 74 So. 165.

In State v. Wilson, 168 La. 903, 123 So. 614, the court held that, since the presence of the sheriff and his deputies in the courtroom during the trial of the case was necessary, the court did not err in permitting them to testify, though they had separated from the other witnesses and had violated the rule by remaining in the courtroom.

In State v. McCullough, 168 La. 161, 121 So. 609, the court held that, where the witness had remained in the courtroom during a part of the trial before the State learned of his knowledge of the case, whether he should be permitted to testify was a matter resting within the sound discretion of the trial judge.

All of the above cases and many others were cited by counsel for the State in their brief on application for rehearing. Each of these cases is distinguishable from the case at bar in this: That in the case at bar the trial judge assigned no reason whatever for ruling as he did, but merely stated that his understanding of the law was that the ordering or refusing to order sequestration of the witnesses was within the sound discretion of the court. The judge seemed to think that his discretion was absolute. In each of the above cited cases, the trial judge stated reasons for his ruling, and, when each of the cases came before this court on appeal, the court considered that, under the circumstances stated by the trial judge, he did not abuse his discretion. In deciding questions like the one presented in this case, each case must be decided according to the circumstances there shown to exist. In the case at bar, the district judge did not say, nor did he intimate, that the presence of the three deputies and the investigator in the courtroom during the progress of the trial was necessary in order to assist the district attorney in making out his case. We are not informed as to why the trial judge ruled as he did, and from the record brought up we do not understand why the three deputies and the investigator were permitted to remain in the courtroom during the progress of the trial while all other witnesses, both for the State and for the defense, were put under the rule.

Rehearing refused.

O'NIELL, C. J., absent.