HIGGINS, Justice.
 

 The appellee moved to dismiss the appeal on two grounds: (1) That the appellant
 
 *201
 
 acquiesced voluntarily in the judgment of the district court; and (2) that the case now presents only a moot question.
 

 We are not favored with either a brief or the appearance of counsel in behalf of the appellant.
 

 The record shows that the relatrix was inflicted with a venereal disease and refused to report to the Vernon Parish Health Unit for treatment. Whereupon, the Federal and State Boards of Health placed her in the Quarantine and Isolation Hospital operated by the Boards at Lees-ville, Vernon Parish, La., for treatment, on March 6, 1944. On March 20, 1944, she filed an habeas corpus proceeding against the Captain of the State Police, the physician and the manager in charge of the Quarantine and Isolation Hospital. A rule to show cause why she should not be released and restored to her liberty was issued -by the district judge and upon the trial thereof on March 22, 1944, there was judgment dismissing the rule at her costs. After her return to the hospital, she summoned a taxi and drove away, thereby breaking the quarantine imposed upon her. Thereafter she appealed suspensively from the judgment of the court a qua. Several days later, she was charged with breaking quarantine and arrested and placed in jail. She then immediately and voluntarily asked that she be allowed to return to the hospital and complete her treatments. This request was granted and, of her own free will and accord, she returned to the hospital where she was treated until April 8, 1944, when she was pronounced cured and was released from the institution.
 

 Under the facts and circumstances, it is clear that the appellant acquiesced in the judgment of the trial court refusing to order her release until she was cured. Since she has been granted her liberty and is no longer confined in the institution, it is obvious that by her voluntary actions she has secured all the relief this Court could give her under the appeal. Consequently, the case has become a moot one because the issues presented therein no longer exist.
 

 For the reasons assigned, the motion to dismiss the appeal is sustained and, accordingly, the appeal is dismissed at the appellant’s costs.