McCALEB, Justice
(dissenting).
After stating that the law is well settled in this State that the ordering or refusing to order sequestration of the witnesses is within the sound discretion of the trial court (citing State v. Palmer, 227 La. 691, 80 So.2d 374 and authorities there relied on), the majority opinion goes on to conclude that the trial judge committed reversible error in exempting City Detective Zerangue from the provisions of the sequestration order because the judge did not, in his per curiam, “assign any reason for excusing the city detective from the order * * that he evidently believed that the law vested in him the discretion to do’ so and that “His statement that the accused was not prejudiced is not supported by any reasons, but is merely a conclusion”.
I am in disagreement with these deductions for more than one reason. In the first place, the observation of the prevailing opinion that “ * * * the per curiam shows that the trial judge erred in exercising his discretion as he did” is just another way of saying that the per curiam shows that the judge acted arbitrarily and unreasonably. This conclusion is not, in my estimation, at all justified by the language of the per curiam. The per curiam states that:
“The Court, in its discretion, permitted the chief investigating officer to remain in the Court with the District Attorney and in that the accused was in no way prejudiced by the presence of the investigating officer or his testimony.” (Italics mine.)
*610 This statement shows plainly that the judge was exercising the discretion vested in him, as recognized by the unanimous jurisprudence of this Court, of exempting the chief investigating officer from the sequestration order so that this officer would be available to the district attorney during the trial. The per curiam further reveals that the judge was of the belief that he had exercised a sound discretion because he states that his action in exempting the officer from the sequestration rule did not prejudice the accused in any way. So just why the majority opinion concludes that this per curiam shows on its face that the judge was acting unreasonably, I am unable to understand.
Furthermore, in evaluating the action of the district judge, consideration should be given to the facts and circumstances appearing in the record to ascertain whether his ruling was founded on reasonable inferences drawn therefrom. This was the second trial of the accused for the crime of murder, a mistrial having been entered on the first occasion due to the inability of the jury to agree on his guilt or innocence. Hence, the trial judge had previously heard the testimony and was aware of the nature of Zerangue’s evidence. In the light of these facts, it is fair to infer that the judge, being familiar with the evidence to be elicited at the trial, was convinced that no prejudice would ensue if he exempted Zerangue from the sequestration order and that, by ruling thus, the district attorney would have the benefit of the presence of the chief investigating officer to assist him in the presentation of the case.
That it is proper to draw inferences in considering whether the trial judge has exercised a sound discretion was recognized by the Court in its per curiam in State v. Carter, 206 La. 181, 19 So.2d 41, which is the case the majority opinion finds to be indistinguishable from the case at bar.
On the original hearing in the Carter case it was stated, erroneously I think, that, when the trial judge exempted the three State witnesses from his order of sequestration without assigning any reason therefor, he “ * * * for all practical purposes deprived the accused of his right to cross-examine them.” This statement was undoubtedly too far reaching for, if the exemption of a state witness from a sequestration order has the practical effect of depriving the accused of his right of cross-examination, then it would seem to follow that any time a judge exempted a state witness from a sequestration order the fundamental rights of the accused would be abridged. Evidently realizing the inevitable consequences which would have resulted from its uncircumscribed observation, the Court undertook to reappraise and give further explanation of its ruling in a per curiam on application for *612 rehearing.[1] In this opinion, the Court distinguished the prior jurisprudence from its ruling in that case on the ground that the judge in that matter had assigned no reason for exempting the officers from the sequestration order but apparently was of the view that his discretion was absolute and concluded with this interesting observation :
“In the case at bar, the district judge did not say, nor did he intimate, that the presence of the three deputies and the investigator in the courtroom during the progress of the trial was necessary in order to assist the district attorney in making out his case. We are not informed as to why the trial judge ruled as he did, and from the record brought up we do not understand why the three deputies and the investigator were permitted to remain in the courtroom during the progress of the trial while all other witnesses, both for the State or for the defense, were put under the rule.” See 206 La. 199, 19 So.2d 47. (Emphasis mine.)
The difference between the Carter case and this case is obvious. Here, it is reasonable to infer from the per curiam that the judge felt that Zerangue’s presence in the courtroom with the district attorney was necessary and proper.[2] And it cannot be doubted here, unlike the situation in Carter, that the judge, having presided at a previous trial, was fully cognizant of the nature of Zerangue’s evidence and concluded, as stated in his per curiam, that .the accused suffered no prejudice by reason of his ruling.
I also feel obliged to advert to the observation in the majority opinion that, inasmuch as Zerangue was a very important witness for the State, the accused suffered prejudicial injury by his presence in the courtroom, as this denied the accused “the right to effective cross-examination of this witness; * * * It is manifest that this conclusion, which is based entirely on the damaging nature of Zerangue’s testimony, fails to take into account that the discretionary right of the judge to exempt any particular witness from a sequestration order has not heretofore been conditioned *614 for its exercise on the importance of the witness’ testimony in establishing the State’s case.
I can imagine no testimony which would be more damaging to an accused than that of the prosecuting witness in a criminal case. Yet in State v. Suire, 142 La. 101, 76 So. 254, the defendant excepted to a ruling by the judge permitting two prosecuting witnesses to remain in court during the trial after the judge had ordered all of the witnesses excluded from the courtroom. But the Court found no merit in the bill, declaring that exemption of a particular witness from the rule was a matter within the sound discretion of the trial judge and that “When he makes an exception that is reasonable, e. g., if the excepted witness is the prosecuting witness or person aggrieved or injured, the ruling should be affirmed. See Marr’s Cr. Jurisprudence, § 423.”
I respectfully dissent.

. The majority opinion in the instant case repeats the observation contained in the Carter case, apparently with approval, and cites the case of State v. Smith, 216 La. 1041, 45 So.2d 617, 619, where the Court said that such was the ruling in Carter, but, nevertheless, found that the trial judge did not abuse his discretion in exempting a deputy sheriff from the sequestration order despite the defendant’s contention that he was the principal officer “who testified to both confessions, the reaction of the defendant while in ,jail * * * and made statements regarding the sanity of the accused * * *

. This Court, in State v. Bates, 140 La. 833, 74 So. 165, said that it was the usual practice in the district courts to except from a severance rule a court officer, such as a deputy sheriff.